PACKARD MOTOR CAR CO. *v.* CITY OF DETROIT.

1. TAXATION—TAX EXEMPT CREDITS MAY NOT BE TAXED.

Tax exempt credits may not be taxed, directly or indirectly, and in levying a tax on property they must be treated as nonexistent.[1]

2. SAME—CONSTITUTIONAL LAW.

The provision of Act No. 297, Pub. Acts 1921, providing that if the person to be taxed "shall be the owner of credits that are exempt from taxation such proportion only of his indebtedness shall be deducted from debts due or to become due as is represented by the ratio between taxable credits and total credits owned, whether taxable or not," is void as an interference with the power of the United States government to raise money by issu-

[1]Taxation, 37 Cyc. pp. 879, 894.

ance of tax exempt obligations, and is in conflict with the Constitution of the United States.[2]

Error to Wayne; Merriam (De Witt H.), J.   Submitted April 9, 1925.   (Docket No. 42.)   Decided October 1, 1925.

Assumpsit by the Packard Motor Car Company against the city of Detroit for taxes paid under protest.   From an order granting a motion to dismiss, plaintiff brings error.   Reversed.

*Henry E. Bodman* and *Henry I. Armstrong, Jr.*, for appellant.

*Walter Barlow* (*Charles P. O'Neil*, of counsel), for appellee.

WIEST, J.   In this suit plaintiff seeks to recover taxes it claims defendant illegally exacted under Act No. 297, Pub. Acts 1921 (Comp. Laws Supp. 1922, §§ 4002, 4003), and paid by it under protest.   On motion of defendant the suit was dismissed in the circuit and is here by writ of error.

No trial upon the merits having been had, we must accept the averments of fact in the declaration as true.   Briefly stated, the issue is whether the *bona fide* and unconditional debts of the company should be deducted from its taxable credits irrespective of consideration of tax exempt securities held by it.   This involves the validity of the following italicized provision of the act of 1921:

"For the purpose of taxation personal property shall include:   *   *   *   All credits of every kind belonging to inhabitants of this State, whether such indebtedness is due from individuals or from corporations, public or private, and whether such debtors reside within or without the State, except such as are expressly exempted from taxation by law.   *   *   *
"The following personal property shall be exempt

[2]Taxation, 37 Cyc. pp. 742, 879.

from taxation, to wit: \* \* \* So much of the debts due or to become due as shall equal the amount of *bona fide* and unconditional debts by the person owing: *Provided, That if such person shall be the owner of credits that are exempt from taxation such proportion only of his indebtedness shall be deducted from debts due or to become due as is represented by the ratio between taxable credits and total credits owned, whether taxable or not.*"

At the time of the tax in question (1923) the company had $6,541,620 in credits outside of its tax exempt securities, and its *bona fide* debts amounted to $9,391,045. It, therefore, claimed it should pay no tax upon its "taxable credits" because its *bona fide* debts exceeded such credits.

Acting under the provision of the statute mentioned, the assessor, finding plaintiff's total credits, taxable and nontaxable, amounted to $18,814,094, determined there should be deducted from its taxable credits only that portion of its debts represented by the ratio which its taxable credits bore to its total credits, taxable and exempt, and in assessing the taxable credits deducted only 34.8% of its debts; in other words, of its $9,391,045 of debts only allowed $3,268,083 in reduction of its taxable credits, leaving $3,273,537 of its credits of $6,541,620 subject to tax. By this method plaintiff claims it was illegally assessed and made to pay $73,552.80. This suit is to recover that amount.

The provision under which this tax was levied and collected is void. The tax here involved is a property tax. Cases involving franchise, inheritance and succession tax have no application. Tax exempt credits cannot be taxed, directly or indirectly. In laying a tax on property, tax exempt credits must be treated as nonexistent. The legislature may not make use of, or permit consideration to be taken of, tax exempt credits as a factor in determining taxes to be paid by holders thereof. To do so would attach

a condition to the enjoyment thereof wholly incompatible with the issuance thereof and impair the underlying contract. The purpose of this statute is manifest, and the effect thereof touches tax exempt credits; not to directly tax them, but to make the holders pay more in taxes by reason of having them. This cannot be done. *Farmers & Mechanics Savings Bank* v. *Minnesota,* 232 U. S. 516 (34 Sup. Ct. 354). This provision offends against the rule of proportion, intended to insure uniformity of contribution and a just apportionment of the burdens of government, by way of rating the tax upon a consideration of tax exempt credits as well as upon taxable credits and unconditional obligations. Tax exempt credits may not be considered at all by assessing officers in the matter of determining a property tax, and they are considered when used as a factor in apportioning the right to set off unconditional obligations against taxable credits. Most of the tax exempt credits held by plaintiff are obligations of the United States Government.

It was said in *Home Savings Bank* v. *City of Des Moines,* 205 U. S. 503, 513 (27 Sup. Ct. 571) :

"The State cannot by any form of taxation impose any burden upon any part of the national public debt."

Confessedly this statute imposes a greater burden of taxation upon a holder of tax exempt credits, along with taxable credits with unconditional obligations, than upon others with taxable credits and unconditional obligations without tax exempt credits.

Suppose this statute had provided that one holding tax exempt securities should be deprived of right to reduce his taxable credits at all by his unconditional debts? It would indicate no plainer purpose to indirectly place a burden of taxation on tax exempt credits than the provision in question, which, after fixing a right of reduction, based on and governed by

a consideration of tax exempt credits, brings the tax exempt credits within the administration of the taxing law.

In *Farmers & Mechanics Savings Bank* v. *Minnesota, supra,* it was stated:

"It is, however, further suggested that the judgment under review does not sustain a tax upon the bonds as property, but only a tax upon the surplus of the savings bank, computed by taking into the account all of its assets, amounting to about $12,000,000, of which the bonds were only about $700,000, and deducting therefrom its liabilities.   But as the surplus is treated as property and taxed as such, it is obvious that some portion of the burden of the tax is attributable to the ownership of the municipal bonds. In *Bank of Commerce* v. *New York City,* 2 Black (U. S.), 620, it was held that the State of New York in taxing the capital of banks according to its valuation must leave out of the calculation that portion of the capital invested in stocks, bonds, or other securities of the United States not liable to taxation by the State.   And see *Bank Tax Case,* 2 Wall. (U. S.) 200; *Home Savings Bank* v. *City of Des Moines,* 205 U. S. 503, 509 (27 Sup. Ct. 571).

"It results that the inclusion of the bonds now in question in the list of the assets of plaintiff in error, in ascertaining its surplus for the purpose of imposing a State property tax thereon, was repugnant to the Constitution of the United States."

The provision of the act, requiring consideration of tax exempt credits in laying the tax, interferes with the power and facility of the government of the United States  to raise money by issuance of tax exempt obligations; impairs the right of freedom from taxation accorded government obligations by the Constitution of the United States, and is void.

The judgment is reversed and a trial granted, with costs to plaintiff.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.