**KEILSON CIGAR CO v BRADEN et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5290.   Decided Jan 10, 1938

R. E. Simmonds, Cincinnati. and William R. Schwartz, Cincinnati, for appellant.

D. M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and Thomas C. Lavery, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

The appellant returned its stock of cigarettes for taxation at inventory value on form 902, prescribed by the Tax Commission of Ohio. and claimed at the same time a deduction from the book value of a sum ($41,-293.00), equal to the face value of the federal internal revenue stamps affixed to the cartons by the manufacturer, and also a deduction of an amount equal to the state cigarette excise tax ($3913.00) paid by it to the State of Ohio.

The Tax Commission disallowed both claims and fixed the valuation for taxation purposes at the book value.

On appeal to the Court of Common Pleas of Hamilton County, that court allowed the claim for a deduction of an amount equal to the state cigarette excise tax, but disallowed the claim for a deduction of any amount on account of the federal internal revenue tax.

This appeal by the taxpayer is on questions of law from that judgment.

As no appeal was taken by the state, we are concerned here with the sole question of whether the taxpayer is entitled to a deduction on account of the federal internal revenue tax.

The facts are, that the manufacturer paid this tax and affixed the stamps, and later sold the cigarettes to the appellant, who, undoubtedly, was required to pay an increase in price equivalent to the tax.

The sole basis advanced for this deduction is, that to permit the state to tax the cigarettes upon a valuation imposed in disregard of the fact that such valuation had been enhanced by the prior payment of this tax would be permitting a state tax upon an instrumentality or function of the Federal Government, and, therefore, violative of the United States Constitution in that it would, it permitted, enable the states by the exercise of their reserve power of taxation to nullify power expressly granted by them to the Federal Government.

The federal tax is imposed by §400(a) of the Revenue Act of 1926, (Title 26, §700 (c) (2) U.S.C.A.) reading as follows:

"Upon cigars and cigarettes manufactured in or imported into the United States, which are sold by the manufacturer or importer, or removed for consumption or sale, there shall be levied, collected, and paid the following taxes:

"* * *

"On cigarettes made of tobacco, or any substitute therefor, and weighing not more than three pounds per thousand $3 per thousand; * * *"

And by §400 (b) of the Act (Title 26, §812 (a) U.S.C.A.) it is provided that:

"Every manufacturer of cigarettes (including small cigars weighing not more than three pounds per thousand) shall securely affix to each of the packages or parcels described in §811 (a) (2) a suitable stamp denoting the tax thereon and shall properly cancel the same prior to sale or removal for consumption or sale under such regulations as the commissioner, with the approval of the secretary, shall prescribe."

It is clear that the tax imposed is an excise tax as distinguished from a property tax. As the burden was not distributed among the states in proportion to the population to hold that it was a direct or property tax would be to make the legislation conflict with §9 of Article 1 of the United States Constitution. Of course there is no indication in the legislation of an intent to impose a property tax. The intent to impose the tax upon an act or occupation is

clear. Now what is the act or acts, the doing of which creates the liability to pay the tax? Adverting to the language of the sections quoted it will be observed that it is the first sale or the first removal for consumption or sale, after the cigarettes are manufactured or imported, that is taxed. And the obligation to pay is imposed upon the manufacturer or importer who sells or removes for consumption or sale. Clearly the tax is imposed on the manufacturer or importer as the case may be, and it is to him alone that the government looks for payment.

Now the tax that has been assessed against the appellant by the State of Ohio is an ad valorem personal property tax. Does the fact that the manufacturer increased the price to the wholesaler by an amount equal to the amount of the tax and the state assessed the state tax upon the increased price or value make the state tax a tax or burden upon the tax levying function of the Federal Government?

The Federal Government captured its revenue before the appellant was associated with the transaction in any way. It knew nothing about it at the time. Its attention was called to it later by the fortuitous circumstance that the Federal Government adopted the device of collecting the tax by issuing stamps and requiring them to be affixed to the packages. Had it not been for that, the appellant would not have known that the tax on these particular cigarettes had been paid.

But it is said that the provision for refund in the event of exportation of the cigarettes shows that the stamps represented something of value comparable to an outstanding United States Bond, and Packard Motor Car Co. v City of Detroit, 232 Mich. 245, 205 NW 106; Home Savings Bk. v Des Moines, 205 U. S. 503, are cited as holding that the state has no power in any guise to impose a burden upon them. A great array of authorities could be marshalled to support that proposition. But before such cases could be pertinent to this inquiry it must appear that this claim to a drawback upon exportation would belong to the purchaser from the manufacturer, and just the contrary is provided by the statute.

The claim for a drawback did not pass to the purchaser by virtue of the purchase of the cigarettes with the cancelled stamps affixed. He cannot recover the drawback. By §837 U.S.C.A. (Feb. 25th, 1922, C. 27, §1121) the commissioner of Internal Revenue is given authority under certain limitations to prescribe the amount which may be refunded upon exported goods "to the exporter or shipper of the articles instead of to the manufacturer, **if the manufacturer waives any claim for the amount so to be refunded.**" This clearly shows that the tax was a matter entirely between the United States and the manufacturer, and that the exporter could have no claim except as assignee of the manufacturer, and that the claim for refund or drawback would not follow as an incident to the transfer of the title to the goods to him. It also demonstrates that this ad valorem tax upon the goods could not be a burden upon the function of taxation exercised by the Federal Government. That function had been entirely completed. The property tax does not touch either the act or any instrumentality used in collecting the tax. The statute shows a clear purpose to impose the burden upon the manufacturer and no one else.

The case of Lash's Product Co. v United States, 278 U. S. 175, construing the Revenue Act of 1918 controls the decision in this case. It was held as stated in the syllabus:

"1. The tax imposed by §628 of the Revenue Act of 1918 on soft drinks sold by the manufacturer in bottles, etc., 'equivalent to ten percentum of the price for which so sold' is a tax on the manufacturer alone which, accurately speaking, cannot be 'passed on' to the purchaser.

"2. Where the manufacturer sold such goods at his regular prices plus 10% added to cover the tax and not separately billed and the purchasers, being notified of the arrangement, paid the whole, the tax payable by the manufacturer was properly computed on the total amount so paid by the purchasers."

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.