Moss, Judge,
delivered the opinion of the court:
Plaintiff, J. Hungerford Smith Grape Juice Company, is engaged in the business of manufacturing unfermented grape juice for beverage purposes, which it sells at wholesale. The product is placed in glass containers of various sizes, which are packed in boxes, cartons, or other containers for delivery to its customers. Its manufacturing plant is located at Lawton, Michigan, and sales were made to customers throughout all parts of the country. All sales were made by plaintiff under agreement that the price should be two per cent less than the gross invoice if paid within ten days. Deliveries were made in several ways: (1) In carload lots directly from factory to customer, in which case the goods were invoiced “ less freight ” and the freight was paid by the customer at point of destination, and the amount so paid was deducted from the invoice in making remittance to plaintiff; (2) by shipments in carload lots to certain distributing warehouses at convenient distributing points, from which deliveries in smaller quantities were made to customers within convenient range of the warehouse. In this class of shipment the goods were consigned to plaintiff in care of the warehouses, the freight was prepaid from the factory to the warehouse, and again from the warehouse to the customer; (3). in less-than-carload lots directly from factory to the customer, in which case the freight was usually prepaid.
By section 628 of the revenue act of 1918, approved February 24, 1919, and effective February 25, 1919, 40 Stat. *150 1116, it was provided “ that there shall be levied, assessed, collected, and paid, in lieu of the tax imposed by sections 313, 315 of the revenue act of 1917, (a) * * * upon all unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated or uncarbonated), other carbonated waters or beverages, and other soft drinks, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to ten per centum of the price for which so sold.” This act continued in force from February 25, 1919, until December 31, 1921.
Following the enactment of this statute plaintiff was required to include transportation, charges in the total amount of the invoice, and the ten per cent tax was calculated on that total.
On May 3, 1919, the Commissioner of Internal Revenue promulgated regulations relating to the tax on beverages which provided that if goods were sold and delivered at a certain point, less freight to be paid by purchaser, the freight should be deducted before computing the tax. Thereafter no further tax of this character was demanded or paid. However, the Government continued to impose and collect a tax on transportation charges in all cases where the freight was prepaid by plaintiff at the factory.
It is plaintiff’s contention that it was the intent and meaning of the act above set forth to levy a tax upon the sales price of grape juice alone exclusive of transportation cost, and also exclusive of the value, cost, and expense of bottles and containers, and the expense of bottling and preparing the goods for shipping. Proceeding upon this theory, plaintiff filed with the Commissioner of Internal Revenue a claim for refund of tax collected on sums which included such items as the basis for the application of the ten per cent tax, which claim was denied by the commissioner.
With reference to plaintiff’s claim with regard to transportation charges, we are of the opinion that it was improper to compute the tax on amounts including freight charges in either class of shipment. The price or return actually received by the manufacturer was precisely the same, whether the goods were invoiced at a price less freight, the customer paying the freight and deducting it from the amount of invoice, or whether the freight was prepaid by *151 the plaintiff at the factory. In both cases the customer paid the transportation charges, and such charges did not constitute a part of the price for which the goods were sold. Plaintiff should recover on this item the sum of $9,044.94 with interest.
It was also improper to include in the total sum upon which the tax was computed the cash discount. Under the language of the statute “ tax equivalent to ten per centum of the price for which so sold” fairly construed, means the price fixed by agreement of the parties and paid to the manufacturer. In this case the manufacturer offered its goods at two prices, one being the regular selling price payable in thirty days, and the other being the regular selling price less two per cent if paid within ten days. The customer could accept either price, and the acceptance of the latter proposal constituted the agreement between the parties as to the price for which the goods were sold. Plaintiff is entitled to recover on this item $4,011.22 with interest.
It is the opinion of the court that plaintiff’s claim in the matter of cost of bottles and containers, and the expense of bottling and preparing goods for shipment should not be allowed. It is clear from the evidence, as shown by certain exhibits illustrating the type of invoice used by plaintiff, that all expenses, including cost of bottles and containers, expense of bottling and preparing for shipment, were included in the price charged by plaintiff and paid by the customers. It is the judgment of the court that plaintiff herein recover the two items mentioned with interest. And it is so ordered.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.