## LASH'S PRODUCTS COMPANY v. UNITED STATES.

No. 98.   Argued December 7, 1928.—Decided January 2, 1929.

*Mr. A. R. Serven,* with whom *Messrs. Daniel R. Forbes* and *Richard D. Daniels* were on the brief, for petitioner.

*Solicitor General Mitchell,* with whom *Assistant Attorney General Galloway* and *Mr. Gardner P. Lloyd* were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover the amount of certain taxes paid under the Revenue Act of 1918 (Act of February 24, 1919, c. 18, § 628, 40 Stat. 1057, 1116).   By § 628 there is imposed on " soft drinks, sold by the manufacturer, . . . in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold."   This tax was paid by the petitioner, calculated at ten per centum of the sum actually received by it for the goods sold.   But the petitioner had notified its customers beforehand that it

paid the ten per cent. tax and it contends that in this way it passed the tax on and that the true price of the goods was the sum received less the amount of the tax. The phrase ' passed the tax on ' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. *Heckman & Co.* v. *I. S. Dawes & Son Co.*, 12 F. (2d) 154. The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all. Still the question as to the meaning of the statute remains.

The petitioner supports its position by a regulation of the Commissioner that when the tax is billed as a separate item it is not to be considered as an increase in the sale price. Naturally a delicate treatment of a tax on sales might seek to avoid adding a tax on the amount of the tax. But it is no less natural to avoid niceties and to fix the tax by the actual price received. Congress could do that as properly as it could have added one-tenth to the tax on the price as fixed by the other items determining the charge to the buyer. The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price, and if the statute were taken literally, as there would be no reason for not taking it if it were now passed for the first time, there might be difficulty in accepting the Commissioner's distinction even if the tax were made a separate item of the bill. But if, in view of the history in the Solicitor General's brief, we assume with him that the practice of the Commissioner has been ratified by Congress, we agree with his argument that the petitioner must take the privilege as it is offered. It did not bill its tax as a separate item, and the Commissioner's Regulations notified it that ' if the sales price of a taxable beverage is increased to cover the tax, the tax is on such increased sales price ' although they purported to make a different rule ' when the tax is billed as a separate item.'

There has been some difference of opinion in the lower Courts but we regard the interpretation of the law as plain.

*Judgment affirmed.*