SiNNOTT, Judge,
delivered the opinion of the court:
Plaintiff, a corporation of the State of Illinois, engaged in the manufacture and sale of automobile accessories, filed suit on February 27, 1928, to recover the sum of $8,535.65 with interest from dates of payment alleged to have been illegally exacted by the United States as excise, tax on the *173 sales of window antirattlers and clocks, and from the assessment of taxes in excess of the required rates and from rejections of claims for credits on rescinded sales and returned goods' made and sold by plaintiff between the dates of August, 1919, and February, 1926.
The bases of the claims are as follows:
On August 14, 1926, plaintiff filed its claim for refund #355136 of manufacturer’s excise tax so paid on window antirattlers and automobile clocks for the period August, 1919, to February, 1926, inclusive, in the amount of $5,302.33, which was duly rejected by the Commissioner of Internal Revenue on May 5,1927.
On January 10, 1927, plaintiff filed its claim for refund #2365 of claimed excess over 5% legal rate of manufacturer’s excise tax so paid for the. period August, 1919, to August, 1923, inclusive, in the amount.of $2,159.85, which was duly rejected by the Commissioner of Internal Revenue on July 5, 1927.
On January 10, 1927, plaintiff filed its claim for refund #2366 of claimed excess over 5% legal rate of manufacturer’s excise tax so paid for the period September, 1923, to July, 1924, inclusive, in the amount of $707.90, which was duly rejected by the Commissioner of Internal Revenue on July 5, 1927.
On July 13, 1927, plaintiff filed its claim for refund #11173 of manufacturer’s excise tax so paid on returned goods for the period May, 1923, to December, 1923, inclusive, in the amount of $365.57, which was duly rejected by the Commissioner of Internal Revenue on October 1, 1927.
The findings herein leave the sole question involved in this case, whether the window antirattlers and clocks in question are taxable under section 900 of the revenue act of 1918, 40 Stat. 1122, section 900 of the revenue act of 1921, 42 Stat. 291, and section 600 of the revenue act of 1924, 43 Stat. 253, 322.
Section 900 of the revenue act of 1918, supra, provides:
“ That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufac *174 turer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased:
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;
“(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;
“(3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in Subdivisión (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in Subdivision (1) or (2), 5 per centum.”
The pertinent sections of the revenue act of 1921, supra, and the revenue act of 1924, supra, are the same, with the exception that the "act of 1924 reduced the amount of tax from 5% to 2%%.
Treasury Regulations No. 47, article 15, defines “ part ” or “ accessory ”—
“Articles, however, which ordinarily would be classed as commercial commodities become parts when because of their design or construction they are primarily adapted for use as component parts of such vehicles. Component parts or articles taxable under this definition are taxable when sold separately if they have reached such stage of manufacture that they are primarily adapted for use as such a component part.”
Article 16 provides for the taxation of—
“Any article designed to be attached to or used in connection with such vehicle to add to its utility or ornamentation or which is primarily adapted for use with such vehicle whether or not essential to its operation.”
Plaintiff’s clocks and antirattlers are clearly within the purview of the statute and the above Treasury Regulations. They were designed and were primarily adapted for and were advertised and sold for the special purpose of being used as automobile accessories. They perhaps could be used to some extent independently of automobile usage, but. the *175 record does not establish such use, except in two or three isolated instances.
Plaintiff made no sales of these articles except for automobile purposes. We can reach no other conclusion but that the devices in question were automobile accessories, taxable under the statute.
With reference to plaintiff’s claim, referred to in paragraphs two and three of Finding IV, wherein plaintiff contends that it should have been taxed upon the invoice price, less the tax, instead of upon the total invoice price, it is questionable whether this position is well taken, under the authority of Lash’s Products Co. v. United States, 278 U. S. 175. However, the record concerning this matter is unsatisfactory. It does not establish the difference in tax, were it computed upon the sales price after deducting the fractional part stamped on the invoices as tax with reference to payments made after January 10, 1923, payments on or before said date being barred by the statute of limitations.
With reference to plaintiff’s claim predicated upon returned goods, referred to in the last paragraph of Finding IV, the record is likewise unsatisfactory, as the total amount of such items with reference to sales included in returns made for taxes paid after July 13,1923, is not established by the record, payments on or before July 13,1923, being barred by the statute of limitations. See revenue act of 1921, 42 Stat. 31F-315, and the revenue act of 1924, 43 Stat. 342.
The petition will be dismissed. It is so ordered.
GeeeN, Judge, and Booth, Chief Justice, concur.
GRAHAM, Judge, took no part in the decision of this case; and Moss, Judge, took no part, on account of illness.