## STAR MOTOR CO. OF CALIFORNIA v. UNITED STATES.

No. K–29.

Court of Claims.

June 16, 1930.

Edward H. Kelly, of Hartford, Çonn., for plaintiff.

Charles ·B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe and Joseph H. Sheppard, both of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

This is a suit to recover an alleged illegal excise tax, assessed and collected from the plaintiff under the following state of facts:

The plaintiff from October 1, 1922, to June 1, 1924, manufactured and sold auto-

mobiles. Its place of business was Oakland, Cal. In July, 1924, the Commissioner of Internal Revenue, following an audit of plaintiff's tax returns, assessed additional excise taxes against the plaintiff to the amount of $121,409.61, to which was added a penalty of $6,070.49 and interest in the sum of $11,949.-99. The plaintiff concedes an excise tax liability of $89,735.55, and brings this suit to recover $49,694.54, the difference between the tax assessed and collected by the Commissioner and the amount of the tax conceded to be legally due and payable.

The Revenue Act of 1921 (42 Stat. 227, 291) provides as follows:

"Sec. 900. That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (* * *), 3 per centum;

"(2) Other automobiles and motor cycles (* * *) except tractors, 5 per centum.

\* \* \* \* \* \*

"Sec. 903. That every person liable for any tax imposed by section 900, 902, or 904, shall make monthly returns under oath in duplicate and pay the taxes imposed by such sections to the collector for the district in which is located the principal place of business. Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

"The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax a penalty of 5 per centum, together with interest at the rate of 1 per centum for each full month, from the time when the tax became due.

\* \* \* \* \* \*

"Sec. 1303. That the Commissioner, with the approval of the Secretary, is hereby authorized to make all needful rules and regulations for the enforcement of the provisions of this Act."

The plaintiff sells its automobiles to distributors and dealers; the transactions being consummated in accord with the terms of written contracts of purchase and sale. These sales contracts generally cover a period of one year and provide for the purchase of cars during this period at the specific price listed in the contracts, to which is added, among other items, freight charges. The single item involved in this case is freight charges.

The plaintiff inventoried the cars sold to dealers at the fixed list price, to which was added freight charges from Detroit, Mich., to destination, when in fact the plaintiff paid only the freight charges from Oakland, Cal., to destination, and this practice obtained whether the cars sold were transported by common carriers or delivered to purchasers at the factory. Obviously, this differential freight charge, as plaintiff admits, augmented its ultimate profits upon the sale of its cars, and is taxable under the Revenue Act as forming a part of the price for which the cars were sold. The plaintiff's sales policy was to establish uniform prices for its cars f. o. b. Detroit, Mich., and collected freight charges from its dealers based on freight rates from Detroit to destination, irrespective of the point of origin of the shipment. When the Commissioner discovered the existence of the above sales policy, he changed existing regulations as to the assessment of excise taxes under the statute, and promulgated on December 27, 1920, the following regulation:

"Freight and delivery charges are taxable as part of the sales price when the price to the purchaser includes transportation and delivery charges paid by the manufacturer, or *when the amount charged the purchaser, whether billed as a separate item or not, does not represent the actual transportation charges.*" (Italics supplied.)

The plaintiff challenges the validity of the above regulation in so far as it serves to collect an excise tax upon the *total* amount inventoried to its purchasers, as was done by the Commissioner in this case, when, in fact, the amount so inventoried does not represent the actual disbursements made for freight charges. By the terms of this regulation the Commissioner adds to the price for which the cars are sold freight charges when paid by the manufacturer, whether the amount charged as freight represents the actual freight paid or not, and the result is evident —the taxpayer's sales price is increased to the extent of the amount of freight charges actually paid. The defendant admits this effect in the brief, but justifies the regulation upon the scope of the task imposed upon the Commissioner if forced to scrutinize each sale to ascertain actual payment of freight charges, and the provision of the regulation which advises manufacturers to inventory

their sales on the basis of actual selling prices and no others. The plaintiff, the defendant asserts, did not comply with existing regulations in making its tax returns, and, inasmuch as the Commissioner possessed authority to make needful rules and regulations for the enforcement of the statute, the regulations have the force of law.

We do not understand the defendant to contend that a regulation may impose a tax, but that a reasonable regulation interpreting a statute, when sanctioned by and approved by Congress in again re-enacting the provision interpreted, has the force of law. The law offers to taxpayers a course of procedure to obtain relief from alleged illegal tax exactions. One remedy, resort to this court, is conditioned upon the filing of claim for refund. The refund claim necessarily sets in motion investigation of its merits, and while, of course, the investigation and adjudication of refund claims involve the revenue acts and regulations of the Commissioner of Internal Revenue, the relief intended is predicated upon the legality of the tax. The Supreme Court in the case of Lash's Products Co. v. United States, 278 U. S. 175, 176, 49 S. Ct. 100, 73 L. Ed. 251, said: "The price is the total sum paid for the goods." In this case the total sum paid for the goods was the list price plus the difference between the freight rates from Detroit, Mich., to destination and the freight rates actually paid by the manufacturer from Oakland, Cal., to destination, and the Commissioner experienced no difficulty in ascertaining this sum from plaintiff's books, because freight charges were billed as separate items and the plaintiff kept its accounts upon that basis. The excise tax, as held by the Supreme Court in the Lash's Products Case, supra, is imposed upon the manufacturer, and, where the latter adds the tax to the purchase price and does not separately bill the same, and the purchaser pays it all, the manufacturer may not recover the amount of the tax. There was no attempt upon the part of the plaintiff to pass the tax on to the purchaser. The result of the plaintiff's conception of its rights exempted it from the tax upon the theory that freight charges did not enter into purchase price. In this respect the plaintiff was in error, to the extent of freight charges collected from the purchaser in excess of actual amounts paid. This was the exact condition the Commissioner found, and we think the assertion in the defendant's brief answers the contentions made, i. e., "the said regulations clearly intended to exempt from the tax *only those charges which represented actual amounts paid for transporting the automobiles from factory to .destination* on cars sold f. o. b. point of origin of the shipment." See, also, J. H. Smith Grape Juice Co. v. United States, 63 Ct. Cl. 140. Undoubtedly the Commissioner was within legal limits in promulgating a regulation interpreting the Revenue Act of 1917. Regulation 44 (article 3) exempted transportation charges paid by the purchaser of automobiles which represented actual disbursements for this purpose from point of origin of shipment .to destination, and Regulation 47 (article 4) comprehended the same purpose when the freight charges were paid by the purchaser on separate invoices f. o. b. factory. The final revision and amendment of the foregoing regulation, the one important here, recognizes the existence of the prevailing practice in the industry of adding freight charges to the purchase price, irrespective of sums actually paid as such. This regulation, in so far as it adds to the purchase price of the automobile freight charges not actually paid, is in accord with the taxing statute to the extent that such excess freight charges actually paid are added to the purchase price. Otherwise the regulation imposes a tax which the Revenue Act does not authorize. The defendant concedes that the regulation has the above effect, and relies exclusively upon congressional sanction of administrative interpretations of taxing statutes. The principle relied upon, we think, is inapplicable. United States v. Missouri Pacific Railroad, 278 U. S. 269, 49 S. Ct. 133, 73 L. Ed. 322; United States v. United Verde Copper Co., 196 U. S. 207, 25 S. Ct. 222, 49 L. Ed. 449.

Judgment for plaintiff for $49,694.54, with interest. It is so ordered.

This case was tried before the appointment of WHALEY, Judge; he therefore took no part in its decision.