### ACME-EVANS CO. v. SMITH.

### No. 1691.

District Court, S. D. Indiana, Indianapolis Division.

Jan. 22, 1936.

Thompson, Rabb & Stevenson, of Indianapolis, Ind., for complainant.

Val Nolan, U. S. Atty., of Indianapolis, Ind., for defendant.

Claycombe & Stump, of Indianapolis, Ind., for intervening petitioner.

BALTZELL, District Judge.

On January 7, 1936, West Baking Company, hereinafter referred to as "the baking company," filed a motion for leave to intervene in the above-entitled cause, such motion being accompanied by a copy of the proposed bill of intervention. The question before the court is whether or not the baking company should be granted such leave. The baking company alleges that it has paid, as a part of the purchase price of flour and other processed commodities of the complainant, a sum equal to the amount of the processing tax levied by the act challenged, in addition to the regular market price of such commodities. It is its theory that it has an equitable lien upon the amount of money paid into a bank or banks, by virtue of the provisions of the interlocutory order of injunction in this cause. It is seeking to recover an amount of money from such funds equal to the amount which it says it has paid to the complainant, in addition to the regular market price of the commodities purchased by it.

The complainant has filed objections to the intervention of the baking company, stating as its grounds for such objections, the following:

First. That the petitioner does not have or claim an interest in the litigation within the meaning of Equity Rule 37 [28 U.S.C.A. following section 723] entitling it to intervene.

Second. That the intervention sought by the petitioner is not in subordination to or in recognition of the propriety of the main proceeding.

Third. That the petitioner shows no right of action whatever against the complainant.

By provision of section 382, title 28 U.S.C.A., it is mandatory upon the court to require security before a restraining order or interlocutory order of injunction shall issue in any cause. The pertinent parts of the statute read as follows:

"No restraining order or interlocutory order of injunction shall issue, except upon the giving of security by the applicant in such sum as the court or judge may deem proper, conditioned upon the payment of such costs and damages as may be incurred or suffered by any party who

may be found to have been wrongfully enjoined or restrained thereby."

The statute does not provide the kind of security required, but simply provides for security which may be deemed proper by the court or judge. Pursuant to this statute, the court fixed the security in issuing the interlocutory order of injunction; such security being the amount of the taxes then due under the challenged act, and the amount of taxes thereafter becoming due and payable during the pendency of such action to be deposited in a bank or banks designated in such order, and to the joint credit of the complainant and defendant. It is significant that no bond was required other than the regular cost bond upon the commencement of the action.

In the case of Rickert Rice Mills, Inc., v. Rufus W. Fontenot, Individually, and as Acting United States Collector of Internal Revenue for the District of Louisiana, 56 S.Ct. 249, 80 L.Ed. ——, a case similar to the instant case, the Supreme Court of the United States issued an interlocutory order of injunction on the 25th day of November, 1935, the conditions of which, and the security required, were substantially the same as those in the instant case. No bond was required in that case by the Supreme Court, but the amount of the taxes was required to be deposited in a bank or banks, the same as was required in the instant case. The conditions in the Rickert Rice Mills Case, supra, under the interlocutory order of the Supreme Court, were as follows:

"This order is granted only upon condition that the petitioners, respectively, shall deposit within five days from the date of this order with the New Orleans Branch of the Federal Reserve Bank for the eleventh district at New Orleans, Louisiana, the full amount of the processing taxes due and payable for the month of September, 1935, in accordance with the terms of the Agricultural Adjustment Act, to the joint account of Rufus W. Fontenot and the petitioners herein, respectively, and upon further condition that petitioners shall, from month to month, as taxes shall hereafter become due and payable under the terms of said Act, make a like deposit of such taxes so become due during the pendency of these proceedings or until further order of this court; and such taxes so paid into said joint account shall not be subject to change or disposition at any time except in accordance with the further order or orders by this court. If any of the petitioners shall fail to make such deposits this order shall cease to be in effect with respect to such petitioner or petitioners so failing to make the required deposit."

Since the decision of the Supreme Court of the United States in the case of United States v. William M. Butler et al., Receivers for Hoosac Mills Corporation, 56 S.Ct. 312, 80 L.Ed. ——, on January 6, 1936, holding the Agricultural Adjustment Act (see 7 U.S.C.A. § 601 et seq.) invalid, the same court rendered an opinion on January 13, 1936, in the Rickert Rice Mills Case, 56 S.Ct. 374, 80 L.Ed. ——, in which opinion it was held that the money on deposit in the bank, under order of the court, should be returned to the processor. These two cases are significant, even though no attempt was made to intervene by one who claimed to have contributed to the fund. A petition for rehearing was denied in the Rickert Rice Mills Case, and mandate has issued in each case.

The baking company in the instant case is seeking to intervene by virtue of the provisions of Equity Rule 37, 28 U.S.C.A. following section 723, which, in part, read as follows:

"Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

The "main proceeding" in the instant case was instituted for the purpose of testing the validity of the Agricultural Adjustment Act, as amended (7 U.S.C.A. § 601 et seq.); and to enjoin the collection of taxes under such act. The taxes, under the law, were made payable by the complainant. The amount of money paid into the bank or banks, upon the order of court heretofore issued, was so paid upon the express condition that:

"In the event it shall be finally determined by this court that the taxes ought to be imposed and the terms of the Agricultural Adjustment Act, as amended, are valid and enforceable, then the money so deposited shall be ordered paid to the defendant; and in the event it shall be finally determined by this court that the taxes attempted to be imposed by the Agricultural Adjustment Act, as amended, are in-

358

valid and unenforceable, then said sums of money shall be returned to plaintiff."

Such order also provides that:

"The court reserves the right to make any further order in the premises with respect to such deposits as it may deem proper."

The purpose of the litigation was to determine the validity of the act challenged. The question of the amount of taxes due, or by whom paid or to be paid, was not in issue. The amount of taxes due and thereafter to become due, during the pendency of the injunction, was required to be paid into a stated bank, or banks, in lieu of the complainant being required to give an injunction bond. The subject of the litigation is not the title to the money so paid in by virtue of such order. The subject of the litigation is the validity of the statute. The baking company, asking leave to intervene, did not attempt to intervene to challenge the validity of the statute, but waited until that question—the only controverted question in issue—was finally adjudicated, and now seeks to intervene and have paid to it a part of the money deposited as security, as required under previous orders of the court. The fact that such baking company may have paid to the complainant a sum of money, in addition to the regular price of the processed article, representing the amount of such taxes upon the processed article purchased by it, does not mean that it can be said to have paid the taxes. It could not bring suit against the government for refund, because no taxes were paid by it to the government. The amount of money deposited in the bank or banks, under order of this court, represents the amount of money which the complainant would have been required to pay in taxes over the period in controversy, had the law been valid. The bill of intervention which the baking company seeks to file does not allege that any coercion, threat, or misrepresentation of any kind was practiced by the complainant to induce it, the baking company, to purchase its product. It was simply a business transaction, the price being fixed by complainant, and accepted by the baking company. It knew at the time that it was paying the market price for such product, and the amount of taxes included represents a part of such price. However, the baking company did not pay the taxes. The taxes were not and could not have been passed on to it. There was, however, included in the purchase price a sum sufficient to enable the complainant to cover all of its overhead, including city, state, and processing taxes, as well as other operating costs. As was said in the case of Lash's Products Company v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251:

"The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all. * * * The amount added because of the tax is paid to get the goods and for nothing else."

See Heckman & Co., Inc., v. I. S. Dawes & Son Co., Inc., 56 App.D.C. 213, 12 F.(2d) 154, 155, in which case it was held that the purchaser was not entitled to recover from the manufacturer the amount of the taxes which had been included in the purchase price, such taxes afterwards having been held not applicable to the product purchased, and the manufacturer having obtained a refund from the government. In this case the court said:

"The defendant, as such manufacturer, paid this tax. In selling to the plaintiff, it added to the selling price the amount of the tax, which plaintiff voluntarily paid in order to continue 'dealing in cider, which was a large and profitable portion of its business.' Defendant paid no tax for the plaintiff but for itself. The sale to the plaintiff was not induced by misrepresentation as to law or fact, nor was it the result of undue influence on the one side and undue confidence on the other."

The above case was cited with approval by the Supreme Court of the United States in the case of Lash's Products Company v. United States, supra. See, also, American Chain Company, Inc., v. Hartford-Connecticut Trust Company (D.C.) 11 F.Supp. 770, and Shell Oil Company v. Cy Miller, Inc. (C.C.A.) 53 F.(2d) 74.

■ With reference to the right to intervene, it seems that the rule is as follows: " * * * The power of the court to permit a party claiming an interest in the litigation pending in a cause to intervene therein is discretionary." See Acme White Lead & Color Works v. Republic Motor Truck Company (D.C.) 284 F. 580. Also Equitable Trust Company v. Connecticut Brass & Manufacturing Corporation (C.C.A.) 290 F. 712, at page 715; Glass v. Woodman (C.C.A.) 223 F. 621, at page 623.

■ The purchase price of the flour, or other commodity, purchased by the baking

company was fixed by the complainant at the time the purchase was made. The fact that such price may have included the amount which the complainant was required to pay as taxes does not, in any manner, indicate that such baking company paid the tax. The payment of such amount was incidental on its part, and the taxes were actually paid by the complainant. The payment of such amount was voluntary upon the part of the baking company, and became a part of the purchase price just the same as did any other item of cost and expense incurred in the preparation of the commodity for sale. For example, the purchase price included, no doubt, various state taxes which the complainant was required to pay upon the property used in the manufacture and processing of such commodity, yet it cannot be said that the purchaser paid such taxes or expenses. Neither can it be said that if a part of such taxes are refunded, because of overassessment, or for some other cause, the purchaser is entitled to the proceeds of such refund.

Reference is made to the case of Western Union Telegraph Company v. United States & Mexican Trust Company (C.C. A.) 221 F. 545, in support of the right of the baking company to intervene. It will be observed in this case, however, that the railway property in question upon which an equitable lien was sought, was within the exclusive jurisdiction of the court, and was the subject of litigation. In other words, it was an action in rem; the res being in the custody of the court. In the case of United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859, it was held by the court that one seeking a refund must show that it paid the tax, as required by the revenue statute on automobile accessories. No question of intervention was presented in that case.

If the case of Wayne County Produce Company v. Duffy-Mott Company, Inc., 244 N.Y. 351, 155 N.E. 669, is authority for the baking company, it is only to the extent that it has a valid action against the complainant and is not authority for its right to intervene in the instant case. The money deposited in the bank by the complainant was so deposited solely as surety in accordance with the statute, and its deposit in a bank was a condition precedent to the issuance of the injunction. Under no circumstances can it be said to be the subject of the litigation, and is to be considered only as a compliance on the part of the complainant with the order of injunction heretofore issued in this case.

The court is not concerned as to whether or not the baking company has a cause of action against the complainant, but no right of intervention exists in this cause.

Motion for leave to intervene denied.