ROGER & GALLET AND GUERLAIN PERFUMERY CORP. *v.* UNITED STATES (No. 3847)[1]

United States Court of Customs and Patent Appeals, May 4, 1936

*B. A. Levett* for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument April 7, 1936, by Mr. Levett and Mr. Kavanagh]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal by the importers from the judgment of the third division of the United States Customs Court, which affirmed the judgment of the single reappraising judge, who held that a so-called luxury tax of 12 per centum, levied on French perfumery by the French Government was a part of the foreign and dutiable value found by him (which was the same value as that found by the local appraiser) of certain imported French perfume.

[1] T. D. 48331.

It is insisted by the Government that the issue presented here is the identical issue decided in *Veolay, Inc., J. E. Bernard & Co., Inc. v. United States*, 23 C. C. P. A. (Customs) 101, T. D. 47766. The thirty-four assignments of error in the instant case raise the identical questions raised by the thirty-four assignments of error in the *Veolay* case.

The single reappraising judge stated that:

\* \* \* the issue is in all respects similar to that involved in the appeals of Veolay, Inc., and J. E. Bernard & Company, Inc. vs. United States, decided in T. D. 45049 in which case the sole issue was whether a luxury tax of 12 percent of the retail value of such perfumery in France constituted and was properly included by the United States Appraiser as a part of the foreign values of such perfumeries.

The appellate division of the Customs Court also stated that the issue involved here is the same as that involved in the *Veolay* case, *supra*.

The record and exhibits in the *Veolay* case, *supra*, were incorporated into the instant record.

Appellants' counsel states in his brief here that he is not disposed to argue again what was argued in the *Veolay* case, *supra*, since the court found against appellants' contentions there, but that the point which he wishes to stress in the instant appeal is that the appraiser proceeded on the wrong principle of law in assuming that there should be added to the foreign wholesale price "not only 12% of the 'retail price', which is all the French law required, but also 12% of the tax itself."

Appellants' counsel admits that if the appraiser took 12 per centum of the tax itself in the instant appraisement, he also took 12 per centum of the tax itself in the *Veolay* case, *supra*. (Assignment of error No. 30 in the *Veolay* case, *supra*, raised this question.) Importers' counsel argues, in substance, that the appraised value found by the appraiser and approved by both tribunals of the United States Customs Court involves the misconstruction of the French statute with reference to the retail price.

The Government in the instant case points out that counsel for appellants herein at the trial below stated "\* \* \* I don't want my case to be any different from Mr. Lane's (the *Veolay* case)", and that in the trial before Judge McClelland, he agreed that the decision in the instant case should "abide" the event of the decision in the test case, which was the *Veolay* case, *supra*. This statement was obviously intended to relate only to the broad questions there involved. The Government then states that appellants now in a twelve-page brief attempt to distinguish the instant case from the *Veolay* case, *supra*, in the respect heretofore indicated. The Government then urges that the instant record, which includes the record in the *Veolay*

case, *supra*, shows that the appraiser did not include 12 per centum of the 12 per centum luxury tax in the appraised value of the merchandise, and states that:

* * * In the invoice price was already included the amount of the retail tax and the examiner did not add any tax but merely added back the tax which had been deducted on the invoice in the instant case so that importer's counsel is decidedly in error when he claims the examiner added a tax on a tax.

Although covered by an assignment of error, this particular question was not argued by counsel, or discussed in the opinion of this court in the *Veolay* case, *supra*. There we held, after citing *Lash's Products Co.* v. *United States*, 278 U. S. 175, and *Hugo Reisinger (Inc.) et al.* v. *United States*, 20 C. C. P. A. (Customs) 67, T. D. 45683, as supporting authority, that since the French law required that the manufacturer who sold in wholesale quantities be responsible for the 12 per centum luxury tax which was based upon the amount of the retail price and which he was required to fix and state upon the package of perfume sold, the tax was properly included as a part of the foreign wholesale value.

We are not impressed with the contention that the record in this case shows that the appraiser in arriving at the appraised value added anything which he did not add in the *Veolay* case, *supra*, nor has it been made clear to us that in arriving at the appraised value, the appraiser took 12 per centum of the 12 per centum luxury tax. This record does not show that any tax was included in the appraised value except that which was added to the retail price fixed by the manufacturer.

It is not denied that the appraiser only added to the invoice value that which the importers had deducted. If the appraiser added 12 per centum of the 12 per centum tax, it would also seem that the importers had deducted 12 per centum of the 12 per centum tax, although their contention here would lead to the conclusion that they did not intend to do so.

The judgment of the United States Customs Court is *affirmed*.