**CASEY JONES, Inc., v. TEXAS TEXTILE MILLS, Inc.**

No. 8166.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1937.

Harry O. Levin, of Baltimore, Md., for appellant.

Paul Carrington, of Dallas, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

This appeal is in a corporate reorganization proceeding, under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The appellant complains of an order denying it a refund of part of the price paid for cotton goods bought of the debtor, appellee herein.

The latter, while operating under orders of court, entered into a contract with appellant on September 11, 1935, whereby it sold, and appellant purchased, 500 bales of cotton cloth manufactured by the seller, at the stipulated price of 13½ cents per yard; title to pass immediately, the goods to be stored in a designated warehouse, and shipped on appellant's instructions. On the face of the written instrument evidencing this agreement there was affixed a rubber stamp impression whereby appellee agreed to credit appellant with a fixed amount in lieu of so much of the processing tax levied on the goods under the Agricultural Adjustment Act (48 Stat. 31 and amendments, 7 U.S.C.A. § 601 et seq.) as the seller should be relieved from paying if the Supreme Court should hold the taxing provision of said act unconstitutional by a decision rendered within 90 days from the date of sale.[1]

---

[1] The full text of the refund agreement is as follows:

"If and when for any reason, seller's liability for processing taxes levied under the Agricultural Adjustment Act, as heretofore and hereafter amended, is increased, decreased, or terminated, or such taxes shall be invalidated by final decision of the Supreme Court of the United States, prices on any uninvoiced portion of this contract are subject to adjustment at a rate computed on the basis of the conversion factors set up by Treasury Decision 4433, approved May 10, 1934. In addition, the seller will credit on the buyer's account the amount computed on the basis of such conversion factors, of any such tax, which, by reason of such invalidity, shall have been refunded to the seller or seller shall have been relieved from paying, with respect to any portion of this contract as to which title has passed within 90 days prior to such determination of invalidity. The title shall be deemed to have passed when goods are invoiced. No such credit shall be allowed hereunder in respect of any portion of this contract upon which a direct refund from the Government on floor stock is recoverable by the buyer or any subsequent holder. In any settlement hereunder, seller shall be entitled to deduct on a pro-rata basis reasonable expenses of procuring any such refund or relief."

On January 6, 1936, which was 117 days after title passed under the contract, the Supreme Court rendered its decision in the Hoosac Mills Case (United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914), under which it is conceded that appellee was relieved of liability for processing taxes which had been levied against, but not paid on, the manufacture of the goods. Thereafter, appellant intervened in the court below, claiming a refund of the amount of the tax as determined by the contract, contending that it was entitled thereto, because (1) time was not of the essence of the refund agreement and the expiration of the stipulated 90 days prior to the decision of the Hoosac Mills Case was immaterial; (2) to deny the refund would work a forfeiture under the contract where none was intended and contrary to the principles of equity; and (3) appellant was equitably entitled to the refund since it had put appellee in funds to pay the tax which it was not required to pay and the retention of the funds by appellee would result in unjust enrichment.

On the hearing appellant proved that it had the goods on hand at the time of the Hoosac Mills decision, and for the purpose of this case it is assumed that it had not passed the tax on to any buyer. Over appellant's objection, appellee proved that the price at which it sold the goods bore no relation to the cost thereof, the goods being sold on order of the court to liquidate its stock, and the refund agreement being used to facilitate the sale under a trade practice.

In sales of this kind, if the price agreed upon is understood by the parties to exclude the tax, and the buyer agrees to put the seller in funds for payment thereof, and later the seller is relieved of the duty of paying the tax, the buyer is entitled to recover the amount paid in excess of the price. Wayne County Produce Co. v. Duffy-Mott Co., 244 N.Y. 351, 155 N.E. 669. However, if there be no agreement concerning the tax, no such right accrues to the buyer, even though the price paid includes a tax erroneously believed by the seller to be due. Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, citing Heckman & Co. v. I. S. Dawes & Son Co., 56 App.D.C. 213, 12 F.(2d) 154. In the first case the tax is separate and apart from the contract price, while in the latter the tax is said to be buried in the price. These results have been reached in cases where the parties did not enter into any agreement concerning their rights in the event of the invalidity of the tax. Their intentions and obligations have been determined from the form of the transaction and the situation of the parties. In the present case the refund provision was included in the contract for no other purpose than to fix the rights of the parties with reference to the tax. After providing for conditions not here involved, it substituted an arbitrary factor for the amount of the tax, which might have been uncertain. It then provided that the amount so determined should be credited if the tax should be invalidated within 90 days. Clearly no duty to refund rested upon the seller until the invalidation of the tax. By express terms of the provision, this must have occurred within 90 days, or the duty to credit did not arise at all.

Evidence of the circumstances and conditions under which the contract was executed was admissible to aid in the interpretation of the contract. Curtis Publishing Co. v. Federal Trade Commission (C.C.A.) 270 F. 881, affirmed 260 U.S. 568, 43 S.Ct. 210, 67 L.Ed. 408; Restatement of the Law of Contracts, § 235(d). The evidence so introduced in this case showed that the contract was made with appellant by an agent of appellee without regard to whether the tax had been paid, or whether appellant, in fact, could manufacture and sell the goods within 90 days. The 90-day clause was required by appellant as the least concession it would accept on the basis of tax uncertainty, and assented to by appellee as the best arrangement it could make in a competitive market.

Viewed in this way, the agreement of the parties, as evidenced by the rubber stamp impression on the contract of sale, is clear, unambiguous, and certain. Its effect is to bury the tax in the price after the expiration of 90 days. The 90-day period is a part of the subject matter of the contract, and the doctrine of time not the essence has no application. Williston on Contracts, § 808.

There is no forfeiture involved, since the stipulation is made in lieu of the possible right to a refund if the tax be not buried in the price. In these circumstances, it is clear that the parties substituted the agreement for the equitable right to a refund, if there should be such a right, and thereby extinguished all claims except those arising thereunder. Appellee has not been unjustly enriched, since it must be as-

sumed that both parties contracted with full knowledge of the effect of the language used, and no condition outside of the provisions of the contract has arisen to give it an effect not intended by the parties.

The order of the court below is affirmed.