

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4056
Re: Whether or not the ten per cent
additional charged the buyer by
merchants in order to cover the
Federal tax should be included
in the "receipts from the sale"
on which the 2 per cent State
sales tax on radios and cosmetics
(Art. 7047-L, V.A.C.S.) is calculated.

This is in reply to your request for our opinion on
the question of whether or not, when certain articles are sold
at retail, the extra charge collected by merchants because of
the recent Federal Revenue Act of 1941, levying a ten per cent
tax, should be included in computing the tax on the sale of
radios and cosmetics due the State of Texas under Article X,
House Bill No. 8, Forty-seventh Legislature, 1941, codified as
Article 7047-L of Vernon's Annotated Revised Civil Statutes of
Texas. If a radio or a quantity of cosmetics sold at retail
for ten ($10.00) dollars before the Federal Revenue Act of 1941
went into effect, and if said radio or said quantity of cosmet-
ics sold at retail for eleven ($11.00) dollars after the Act
went into effect, the one ($1.00) dollar being added to cover
the ten per cent Federal tax, would the State tax be calculated
on a sale price of ten ($10.00) dollars or on a sale price of
eleven ($11.00) dollars?

The State tax in question, to-wit, said Article 7047-L,
V.A.C.S., reads in part as follows:

"Section 1. Each person, partnership, associa-
tion, or corporation selling at retail new radios or
new cosmetics, shall make quarterly on the first days
of January, April, July and October of each year, a
report to the Comptroller under oath of the owner,

manager, or if a corporation, an officer thereof,
showing the aggregate gross receipts from the sale
of any of the above named items for the quarter next
preceding; and shall at the same time pay to the
Comptroller a luxury excise tax equal to two (2) per
cent of said gross receipts as shown by said report.

"* * *

"Nothing herein shall be construed so as to
require payment of the tax on gross receipts herein
levied more than once on the proceeds of the sale
of the same article of merchandise. A retail sale
as used herein, means a sale to one who buys for
use or consumption, and not for resale. Gross re-
ceipts of a sale means the sum which the purchaser
pays, or agrees to pay for an article or commodity
bought at retail sale."

The Federal taxes in question are levied under the terms
of "Public Law 250, Chapter 412, Seventy-seventh Congress, First
Session," known as the "Revenue Act of 1941," effective October
1, 1941. That part of the Act with which we are concerned levies
two types of taxes, to-wit, (1) a manufacturers and producers tax,
and (2) a sales tax.

That part of the "Revenue Act of 1941" that concerns
radios is Section 545, which amends Section 3404 of the Internal
Revenue Code, and reads as follows:

"There shall be imposed upon the following arti-
cles (including in each case, except in the case of
musical instruments, parts or accessories therefor
sold on or in connection with the sale thereof) sold
by the manufacturer, producer, or importer a tax
equivalent to 10 per centum of the price for which
sold:

"(a) Radio receiving sets, automobile radio re-
ceiving sets, combination radio and phonograph sets,
and phonographs.

"(b) Chassis, cabinets, tubes, reproducing
units, power packs, antennae of the 'built-in' type

and phonograph mechanisms, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a), whether or not primarily adapted for such use.

"(c) Phonograph records.

"(d) Musical instruments."

That part of the "Revenue Act of 1941" that concerns cosmetics is a part of Section 552, which adds a chapter 19 to the Internal Revenue Code, and reads as follows:

"Sec. 2402. (a) Tax. - There is hereby imposed upon the following articles sold at retail a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, aromatic cachous, toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes.

"* * *

"Sec. 2403. (a) Every person who sells at retail any article taxable under this chapter shall make monthly returns under oath in duplicate and pay the taxes imposed by this chapter to the collector for the district in which is located his principal place of business * * * .

"  * * *

"(c) In determining, for the purposes of this chapter, the price for which an article is sold, there shall be included any charge for covering and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge. A transportation, delivery, insurance, installation, or other charge (not required

by the foregoing sentence to be included) shall
be excluded from the price only if the amount
thereof is established to the satisfaction of the
Commissioner, in accordance with the regulations.
There shall also be excluded, if stated as a sep-
arate charge, the amount of any retail sales tax
imposed by any State or Territory or political
subdivision of the foregoing, or the District of
Columbia, whether the liability for such tax is
imposed on the vendor or the vendee."

Let us examine the State law, to-wit, Article 7047-L,
V.A.C.S. It says that each person, etc., "selling at retail new
radios or new cosmetics, shall make quarterly * * * a report * * *
showing the aggregate gross receipts from the sale of any of the
above named items * * *; and shall * * * pay to the Comptroller
a luxury excise tax equal to two (2) per cent of said gross re-
ceipts * * *." It is important for us to determine what receipts
are "from the sale." We believe it is a question of what part
of the money passes is the sale price.

Section 545 of the Federal Revenue Act of 1941, which
is the part that concerns radios, is a manufacturers and producers
tax. It is levied against the manufacturer, producer or importer.
The tax is measured by the amount the manufacturer, producer or
importer receives for it when he sells the article, but, neverthe-
less it is a tax against said manufacturer, producer or importer.
The courts have held in many instances that taxes levied by stat-
utes worded like said Section 545 are against the manufacturer,
producer or importer. Lash's Products Company vs. United States,
278 U. S. 175, 73 L. Ed. 251, 49 Sup. Ct. R. 100; Thurman v.
Swisshelm, 36 Fed. (2d) 350; Con-Rod Exchange, Inc., v. Henricksen,
28 Fed. Supp. 924; and People v. Werner, 364 Ill. 594, 5 N. E.
(2d) 238. An amount equivalent to such a tax is usually added to
the price of the article by the manufacturer in the same manner
that he adds other costs incurred in producing the article, for
example, increased rents, ad valorem taxes, unemployment compen-
sation taxes, and many other items of cost; and each person in
turn buying and reselling the article passes this added cost on
until it reaches the consumer. The consumer cannot pass it on.
In the case of taxes of this kind the consumer usually pays them
in the form of an increased cost to the consumer. The tax becomes
a part of the sale price. This view is clearly illustrated by the
language of Justice Holmes in the case of Lash's Products Company
v. United States, supra, in which he said:

"This is a suit to recover the amount of cer-
tain taxes paid under the Revenue Act of 1918 (Act
of February 24, 1919, c. 18, ) 628, 40 Stat. 1057,
1116). By ) 628 there is imposed on 'soft drinks,
sold by the manufacturer, * * * in bottles or other
closed containers, a tax equivalent to 10 per centum
of the price for which so sold.' This tax was paid
by the petitioner, calculated at ten per centum of
the sum actually received by it for the goods sold.
But the petitioner had notified its customers before-
hand that it paid the ten per cent tax and it contends
that in this way it passed the tax on and that the
true price of the goods was the sum received less the
amount of the tax. The phrase 'passed the tax on' is
inaccurate, as obviously the tax is laid and remains
on the manufacturer and on him alone. Heckman & Co.
v. I. S. Dawes & Son Co., 12 F. (2d) 154. The pur-
chaser does not pay the tax. He pays or may pay the
seller more for the goods because of the seller's ob-
ligation, but that is all." (Underscoring ours)

The same view was taken by the Supreme Court of Illinois in the
case of People v. Werner, supra, in which the court said:

"* * * Section 617 of the internal revenue laws
(26 U.S.C.A.)) 3601-3629, see 26 U.S.C.A. ) 1420 et
seq. note) levies a federal excise tax of one cent per
gallon on the producer or importer of gasoline and pre-
scribes for his registration and the conditions under
which he shall furnish bonds, make returns, and pay the
tax to the federal collector of the district. No ex-
cise tax is imposed upon or paid by the retailer of gaso-
line. It may be true that the federal excise tax upon
gasoline which is paid by the producer or importer is,
upon its sale to the retailer, added to the cost of the
product as a separate charge, in the same manner as
transportation, delivery, insurance, or other charges
are added. The itemization of these separate charges,
or any of them, in the invoices sent by the producer or
importer to the retailer, does not change the fact that
the producer or importer has paid the tax to the fed-
eral government and has thereby, in effect, raised the
cost of the gasoline to the retailer. The federal ex-
cise tax has therefore made the gasoline cost one cent
per gallon more to the retailer, just as import and

other taxes levied by the federal government are added to the price of cigars, cigaretts, clothing, or automobiles sold by producers or importers to retailers. The retailer, whether of tobacco, gasoline, clothing, or automobiles, has no duty or burden of collecting or paying over to the federal government any manufacturer's, importer's, or excise taxes - they have already been paid before he gets the article, and they are as much a part of the cost to him as are freight, express, insurance, or other charges which enter into and increase the cost of such articles. * * * "

A similar view was taken by the court in the case of Elmer Candy Company v. Fauntleroy, 19 Fed. (2d) 664.

It is our conclusion that the ten per cent increase in the amount collected on the sale of a radio, because of the Federal tax, is a part of the sale price.

We reach a different conclusion in the case of cosmetics. Section 552 of the Federal Revenue Act of 1941, which concerns radios, is a retail sales tax. It is a tax on the retail sale, and although the seller remits the amount of the tax to the Government the tax is collected from the buyer in the retail sale, to-wit, the consumer. In this case the consumer pays the tax without any disguise. In construing a Federal sales tax on gasoline that was similar in wording to this particular Federal sales tax on cosmetics the Supreme Court of Michigan in the case of Standard Oil Co. v. State, 283 Mich. 85, 276 N. W. 908, said:

" * * * The trial court held that both of the above-mentioned federal taxes are taxes on the sale of gasoline and lubricating oil and not taxes upon their manufacture and permitted plaintiff to recover.

"Appellants admit that the federal excise tax above mentioned is not a tax on the manufacturer, but is a tax on the sale.

" * * *

" * * * when sales are made directly from producer to consumer, the sales tax attaches the instant a sale is made. In view of the fact that the federal excise

tax and the State sales tax attach at the instant a sale is made, it follows that the federal tax has not become a part of the sale price, but is a fund, which when collected is payable by the manufacturer to the federal government. Such fund does not become a part of the 'gross proceeds' realized by the manufacturer from the sale, and is not subject to taxation within the meaning of Act No. 167, Pub. Acts 1933.

" * * *

"The conclusion is inevitable that the federal excise tax may not be considered as a part of the retail price, and the judgment of the trial court is affirmed." (Underscoring ours)

It is our conclusion that the ten per cent increase in the amount collected on the sale of cosmetics, because of the Federal tax, is not a part of the sale price.

Our answer to your inquiry is that the Federal tax in regard to radios is a manufacturers and producers tax, and the tax is actually paid by the manufacturer or producer and added to the selling price as a part of the cost of production. Said increase in cost to the consumer is a part of the sale price. But on the other hand, the Federal tax in regard to cosmetics is a retail sales tax, and the tax is actually paid by the buyer, to-wit, the consumer. Said increase in cost to the consumer is not a part of the sale price. In both cases the consumer pays an amount equivalent to the Federal tax; but, in the case of radios it is in the form of an increased price because of an increased production cost caused by a tax on the producer, and in the case of cosmetics it is in the form of an undisguised sales tax borne directly by the consumer. In computing the State tax on the sale of radios it should be calculated on the amount paid by the purchaser including the amount added because of the Federal tax; but in computing the State tax on the sale of cosmetics it should be calculated on the amount paid by the purchaser excluding the amount added because of the Federal tax.

Yours very truly

APPROVED NOV 7, 1941

ATTORNEY GENERAL OF TEXAS

(S) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

(S) By Cecil C. Rotsch
                    Assistant

CCR:ej