**123 EAST FIFTY–FOURTH STREET, Inc., v. UNITED STATES.**

**No. 308, Docket 20241.**

Circuit Court of Appeals, Second Circuit.

July 15, 1946.

L. HAND, Circuit Judge, dissenting.

————◆————

John F. X. McGohey, U. S. Atty., of New York City (Stanley H. Lowell, of New York City, of counsel), for appellant.

Benet Polikoff, of New York City (Jack Clareman, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

After trial by court, judgment for the plaintiff for $7,629.53 and interest was entered in a suit brought in the District Court for the Southern District of New York to recover excise taxes paid and the defendant has appealed.

The facts were stipulated and are as follows: The appellee has operated a restaurant and bar at 123 East 54th St., in the City of New York since January 2, 1942. Shortly after it began doing business it was advised by the Collector of Internal Revenue for the revenue district in which the restaurant was located that it was taxable under § 1700(e) of the Internal Revenue Code as amended by § 542 of the Revenue Act of 1941, 26 U.S.C.A. Int.Rev. Code, § 1700(e). It then filed monthly returns and paid the taxes for thirteen months until February, 1943, when it stopped paying. Thereafter the collector made a full investigation and found that the appellee's restaurant neither was nor had been a cabaret within the above statute and was not taxable thereunder, and, on November 23, 1943, so notified the ap-

pellee which filed a claim on November 29, 1943, for the refund of the taxes it had paid. The claim was rejected because the claimant had not borne the burden of the taxes since it had collected the taxes from its patrons and had not refunded them. Then this suit was brought within the time allowed. The appellee concededly charged its patrons and was paid by them, as separate items designated tax on the checks it presented to them, the amount of the taxes it has recovered.

Sec. 1700(e)(1) of the Code as amended levies a "tax equivalent to 5 per centum of all amounts paid for admission, refreshment, service, and merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, if any payment, or part thereof, for admission, refreshment, service, or merchandise, entitles the patron to be present during any portion of such performance." Subdivision (e)(2) makes the person receiving such payments the taxpayer.

The appellee was admittedly the person receiving such payments and paid as such taxpayer the taxes it seeks to recover. The taxes were admittedly erroneously paid by the appellee and illegally collected by the government. Were that all, they would be recoverable under § 24 of the Judicial Code, 28 U.S.C.A. § 41(20), which applies to the recovery generally of taxes illegally collected by the United States and which does not in terms limit recovery to taxpayers who have borne the burden of the taxes paid.

But the appellant insists that recovery is nevertheless so limited by virtue of § 1722 of the Internal Revenue Code, 26 U.S.C.A. § 1722, which provides that, "All administrative, special, or stamp provisions of law, including the law relating to the assessment of taxes, so far as applicable, shall be extended to and made a part of this chapter." It argues that because §§ 1700(e) and 1722 are both found in Chapter 10 of the Code there is thus brought into that chapter and made a part thereof § 3443(d) of the Code, 26 U.S.C.A. Int. Rev.Code, § 3443(d), which is found in Chapter 29 under "General Administrative Provisions" dealing with manufac-

turers' excise and import taxes and which limits the recovery of them to a person who has paid the taxes and who can establish that he has borne the burden of them. The contention in brief is that Congress having indicated its intent not to permit a manufacturer or importer to secure a "windfall" did not intend to allow a cabaret owner to get one either and that the above statutes should be construed to prevent that.

 This argument proves too much. Sec. 1722 deals with administrative provisions applicable to taxation generally like those found in Chapter 37 but § 3443(d) in terms applies only to the excise taxes of Chapter 29 in which it is found. Had it been intended to limit the recovery of the different type of Chapter 10 taxes in the same way, one would expect to find either such a provision in that Chapter or at least in Chapter 37. The fact that Congress by § 902 of the 1936 Act, 26 U.S.C.A. Int.Rev. Acts, page 960, expressly limited the recovery of taxes paid under the Agricultural Adjustment Act to taxpayers who had borne the burden is a strong indication that it did not intend to make § 3443(d) an administrative statute generally applicable; and that § 1722 of Chapter 10 does not pull § 3443 of Chapter 29 into Chapter 10 is further indicated by the failure to mention § 3443(d) in Treas.Reg. 43 (1941 Ed.) which deals with the administrative provisions of the statutes relating to the refunding of cabaret taxes erroneously collected.

 When the constitutionality of above § 902 was upheld in United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 449, 78 L. Ed. 859, it was pointed out that suits to recover taxes paid the United States are governed by equitable principles and the question at issue is whether the money "ex aequo et bono belongs to the plaintiff" and accordingly there was no constitutional infirmity in a statute which denied recovery to one who had not borne the burden of the taxes. The appellant relies on that case and that principle. It is true that a suit to recover taxes paid is like an action for money had and received and the plain-

tiff must show that the government has money which belongs to him. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. Since this plaintiff paid taxes actually assessed against it and was made by statute the taxpayer liable for such taxes if the assessment were not erroneous, the question now before us is whether on balancing the equities between the government and the plaintiff the government is entitled to keep the money it admittedly collected illegally. We may take it for granted that the patrons of the plaintiff paid more than they would have been charged had the plaintiff not supposed that it was liable for the taxes. Yet what the plaintiff saw fit to charge became the price of that which it furnished its patrons and when paid that price became the plaintiff's money. Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251. Though the patrons paid an item designated tax they did not become the taxpayers. No taxes were imposed upon them by law and the plaintiff could not levy taxes. It could and did make charges the sum of which fixed the price a patron paid and if the latter did not like the price charged he was free to refrain from patronizing the establishment. However the charges were labeled in the checks presented, no taxes as such were collected by the plaintiff for the government, Shearer v. Commissioner, 2 Cir., 48 F.2d 552; Biddle v. Commissioner, 2 Cir., 86 F.2d 718, affirmed 302 U.S. 573, 58 S.Ct. 379, 82 L.Ed. 431, for which the plaintiff was bound to account. If overcharges were mistakenly made its patrons they may have had an action against the plaintiff but only a debtor-creditor relationship was created and the actual money the plaintiff received when the checks were paid became its own to use as it pleased.

Consequently the judgment below was not precluded by any statutory limitation as to the incidence of the taxes or any equitable principles and was in accordance with the provisions of § 41(20) of Title 28 U.S.C.A.

Affirmed.

L. HAND, Circuit Judge (dissenting).

I agree that the defendant cannot invoke § 3443(d). Section 1722 was indeed a general section, when it appeared in the Act of 1924 as § 1000; and since then it has been distributed among various "Chapters" of the Code. However, § 3443(d) is particularly limited to Chapter 29, and a tax on cabarets is not a Manufacturers Excise. I cannot believe that the word, "special," in § 1722, or in the other places to which § 1000 has been distributed, includes provisions so expressly limited as is § 3443 (d). Besides, § 3443(d) speaks of "articles," and "purchases" and "vendees," all of which are not appropriate to admission fees. On the other hand, all refunds are based upon the theory of unjust enrichment, as laid down by Lord Mansfield in Moses v. Macferlan, 2 Burr. 1005; and, although the defendant has no positive statutory sanction for its defence, the plaintiff on its part has no standing to claim the refund, unless it can show that it is inequitable for the defendant to keep the money. Bull v. United States, 295 U.S. 247, 55 S. Ct. 695, 79 L.Ed. 1421.

In disposing of that question I shall assume what is not, strictly speaking, in the record, but what, it seems to me, is fairly inferrable from it: I shall assume that, when the plaintiff charged its guests with the amount of the tax for which it supposed itself liable, it added the amount as a separate item and described it as a tax which it must pay, and which it was apparently collecting from the guests in order to pay it to the Treasury. If the plaintiff wishes to dispute this, I should allow it to do so, because I regard the distinction as crucial whether it made the charge in that form, or merely included in the bills rendered the amount of the supposed tax without saying anything about it. If it said nothing, I should agree with my brothers that the guests had no legally recognizable interest in the money collected, which gave them any claim to it superior to the plaintiff's; and in that case some statute would be necessary to deprive the plaintiff of its right to recover. On the other hand, if the plaintiff collected the money under what the guests must have understood to be a statement that it was obliged to pay it as a tax, and that it meant to do so, the money was charged with a constructive trust certainly so long as it remained in the plain-

tiff's hands. For example, if, before the plaintiff had paid it, the Treasury had declared that the tax was not due, the plaintiff could not have successfully resisted the guests' demand that it be turned back to them, the very purpose for which they had paid it having then become incapable of execution.

I can see no difference between that situation and the one actually at bar. When the plaintiff, having taken the money charged with the constructive trust, paid it to the collector, a claim against the collector and the defendant at once arose in its favor, based upon the collector's unlawful exaction. That claim was certainly a substitute for the money whose payment created it; in equity it was the same as though the plaintiff had used the money actually to purchase the claim; and, if a constructive trust attached to the money, the same trust attached to the claim. Shearer v. Commissioner, 2 Cir., 48 F.2d 552, 554, held nothing to the contrary; it turned upon whether the purchaser of the motor had paid a tax; a matter of statutory definition. If the plaintiff collects this claim, it will therefore hold it as trustee for its guests. That, I agree, would be no answer, if there was any possibility that the plaintiff would, or indeed could, distribute it to its guests; the defendant could not keep the money merely because it feared that the plaintiff would be truant to its duty. But it is plain that the plaintiff will not be able so to distribute the recovery, however much it may wish; or, at any rate, if that is too much of an assumption, certainly it is prima facie true, and the plaintiff should be required to prove that it can and will distribute it. That being so, the situation as it comes to us is the familiar one, in which the equities are equal and legal title should prevail. Williams v. Jackson, 107 U.S. 478, 2 S.Ct. 814, 27 L.Ed. 529; Ballard Bros. Fish Co. v. Stephenson, 4 Cir., 49 F.2d 581; Taggart v. Keim, 3 Cir., 103 F.2d 194, 199.