## BUNCE v. PACE.

No. 3798. Decided November 28, 1922. (210 Pac. 984.)

1. APPEAL AND ERROR—WHERE EVIDENCE NOT CERTIFIED IN FORM OF BILL OF EXCEPTIONS, RULING ON DEFENDANT'S MOTION FOR NON-SUIT NOT REVIEWED ON APPEAL. Where the evidence has not been certified in the form of a bill of exceptions, ruling on defendant's motion for a nonsuit cannot be reviewed on appeal.

2. APPEAL AND ERROR—TRIAL—REFUSAL TO SUBMIT SPECIAL QUESTIONS TO JURY NOT REVIEWED, UNLESS CLEAR ABUSE OF COURT'S DISCRETION. Whether special questions shall be submitted to the jury is largely within the trial court's discretion, and, unless there is a clear abuse shown, the refusal to so submit will not be reviewed on appeal.

3. TRIAL—REFUSAL OF INSTRUCTION COVERED BY GIVEN INSTRUCTION NOT PREJUDICIAL. Where the substance of a requested instruction which was refused was given in the court's general instructions, there was no prejudicial error.

4. TRIAL—ADDITION OF COSTS TO VERDICT NOT INDICATION OF PREJUDICE OF JURY. Where in finding for plaintiff the jury added to the form of the verdict submitted to them "and also costs of court," the additional words were surplusage, and merely gave to plaintiff that which he was entitled to as of right, and did not indicate prejudice against defendant.

5. MONEY RECEIVED—COMPLAINT SUFFICIENT TO SUPPORT JUDGMENT FOR MONEY RECEIVED. Where a complaint alleged that defendant agreed to obtain for plaintiff a grazing permit to graze cattle in a national forest, and that $200 was paid by plaintiff to defendant for that purpose, and that defendant failed to obtain the permit, and plaintiff was unable to obtain such grazing permit, and that prior to commencement of the action, plaintiff demanded of defendant a return of the $200, which defendant refused, it was sufficient to support a judgment for money received.

Appeal from District Court, Fourth District, Duchesne County; *Elias Hansen,* Judge.

Action by Joseph D. Bunce against Harvey A. Pace. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Charles J. Wahlquist, of Myton,* for appellant.

*Thos. W. O'Donnell,* of Vernal, for respondent.

FRICK, J.

The plaintiff, in his complaint, in substance alleged that on the 19th day of February, 1917, plaintiff purchased from the defendant certain cattle at an agreed price not material here; that in addition to the purchase price plaintiff paid to the defendant the sum of $200, for which sum of money he, the defendant, "agreed to obtain and secure for the plaintiff a permit to graze the said cattle so purchased on the Ashley National Forest," and that said sum of $200 "was paid by plaintiff to the defendant for the sole purpose of obtaining a grazing permit on the said United States forest as above described." The plaintiff then alleged that the defendant failed to obtain said grazing permit, and that plaintiff was unable to obtain such grazing permit for the use of the cattle aforesaid; that prior to the commencement of this action demand was made upon the defendant to repay said sum of $200 to the plaintiff, which the defendant refused to do, except that the defendant paid to the plaintiff the sum of $10' thereon. Plaintiff prayed judgment for $190 and for costs. The defendant demurred to the complaint both generally and specially. The demurrers were overruled, and the defendant answered the complaint, in effect denying all the material allegations therein contained. A trial to a jury resulted in a verdict in favor of the plaintiff for the sum of $190. Judgment was duly entered upon the verdict, from which the defendant prosecutes this appeal. The appeal is upon the judgment roll.

At the conclusion of plaintiff's evidence the defendant in-

terposed a motion for nonsuit, which was denied. He now assigns the ruling of the court as error. In view that the evidence has not been certified to this court in the form of a bill of exceptions, we cannot review this assignment, and it must therefore fail.

In addition to the foregoing assignment the defendant has also assigned the following errors: (1) That the court erred in overruling the demurrers, both general and special; (2) that the court erred in denying defendant's motion for a new trial for the following reasons: (a) That the jury allowed excessive damages "appearing to have been given under the influence of passion and prejudice"; and (b) that the court erred in refusing to instruct the jury as requested by the defendant's requests numbered 2 and 3, and which are set forth in the record.

There are additional assignments why the court erred in overruling the motion for a new trial, but, in view of the record, those alleged errors are utterly immaterial, and hence we refrain from referring to them further.

Defendant's request No. 2 contains certain questions which he desired to have submitted to the jury to be answered by them. We have frequently held that whether special questions shall be submitted to the jury for answer or not is largely within the discretion of the trial court, and, unless there is a clear abuse of discretion shown in that regard, the refusal to submit such questions cannot be reviewed by this court. No abuse of discretion is shown in this case, and hence this assignment cannot prevail.

The substance of request No. 3 was given by the court in its general instructions to the jury, and hence the court committed no prejudicial error in refusing that request.

It is also somewhat strenuously urged that the court erred in receiving and recording the verdict of the jury, for the reason that the jury added to the form of the verdict submitted to them the words "and also costs of court." It is insisted that in view that the jury did not know that plaintiff was entitled to costs as a matter of law, therefore they

added something to the verdict, which indicated that their minds were prejudiced against the defendant. We hardly appreciate the force of the argument. The additional words are merely surplusage that neither added to nor detracted from the verdict, and can be given no legal effect whatever. Moreover, by the additional words the jury merely sought to award to the plaintiff that which the law gave him as a matter of right. That being so, the defendant was not, and in the nature of things could not have been, prejudiced in any of his substantial rights. Indeed, the assignment, to our minds, seems somewhat frivolous.

Finally, it is insisted that the court erred in overruling the demurrers. There is no merit to this contention. The action was one in the nature of an action for money had and received by the defendant for the use of plaintiff. If the defendant received the $200 from the plaintiff, and the plaintiff received no consideration therefor, as the jury necessarily found, then the defendant cannot, in justice and good conscience, claim the money as his own and withhold it from the plaintiff. The allegations of the complaint are therefore sufficient, both in form and in substance, to support a judgment for money had and received, and hence the court committed no error in overruling the demurrers.

While there are other questions raised by the defendant, none of them affect the result reached, and therefore in no way resulted in prejudice to his rights.

From what has been said it necessarily follows that the judgment should be, and it accordingly is, affirmed with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.