## HELPER STATE BANK v. CRUS.

No. 5505.   Decided October 14, 1936.   (61 P. [2d] 318.)

208

*Chris Mathison,* of Salt Lake City, for appellant.

*R. Verne McCullough* and *N. E. Callister,* both of Salt Lake City, for respondent.

PRATT, District Judge.

Plaintiff, the Helper State Bank, has taken this appeal. Over its objection, the lower court submitted the case to a jury on the theory that it was an action for money had and received—this was the contention of defendant Annie Crus. Plaintiff claimed the case was a suit in equity. After the evidence was in and the parties had rested, plaintiff moved for a directed verdict, which motion was denied. Plaintiff assigns as error the denial of this motion and the refusal of the lower court to consider the case as one in equity.

Among other allegations, plaintiff alleges that it paid $1,534 to defendant solely upon her promise to divide that sum between the nearest relatives of one John Crus, deceased, and for no other consideration; defendant denies this and alleges that the money was hers by reason of a gift to her by John Crus in his lifetime in consideration of the loving services that she had rendered him.

Among the lower court's instructions to the jury is to be found one which reads as follows:

"No. 7 You are instructed that the evidence in this case is insufficient to show the elements essential to constitute a valid legal gift by said John Crus to said Annie Crus during the life time of said John Crus."

This instruction took from the jury the only ground upon which defendant based her claim of ownership of the money. It is admitted that she received the money; and she does not claim that she made any division of those funds among the nearest relatives of deceased. Thus the sole question that the jury had to decide was whether or not when defendant received the money she made a promise to divide it as alleged. Their verdict was in the negative; and its effect was a conclusion that by reason of the lack of such a promise, the money was hers to keep.

Let us now set out briefly the facts of the case as we believe them to be. John Crus had a savings account with the bank in the sum of $1,805. He desired this money to go to Annie Crus, his sister-in-law, after his death, as he was not on good terms with his daughter. He discussed the matter with the cashier of the bank. The latter either under the direction of the deceased, or of his own accord, indorsed upon the Crus signature card and also upon the ledger sheet covering the account the words: "In case of death pay to Annie Crus of Salt Lake City, Utah, without recourse." Just prior to his death the deceased in the presence of Annie Crus and the cashier indicated that he was still desirous of the defendant having the money. The bank passbook

was not delivered to the defendant during the lifetime of deceased, nor was there any other evidence of transfer of title prior to the death of John Crus. The cashier had defendant sign a signature card upon the Crus account upon which he indorsed the words, either with or without her consent: "Will divide among nearest relatives." After John Crus died, the defendant by checks paid his funeral bill and expense of last illness. These checks were honored by the bank and charged to the Crus account. Subsequently the balance was delivered to defendant. Apparently in the probate proceedings of the Crus estate, the expenditures for funeral and sickness were allowed and charged to the estate. This accounts for the fact that the suit was for only the balance delivered to defendant. The administrator of the Crus estate brought suit against the bank and also Annie Crus. The bank in effect confessed judgment, and apparently the suit against Annie Crus was abandoned.

If there was no gift as the lower court properly concluded, and if there was no promise as the jury might well have found under the evidence, and defendant claimed no other consideration passed for the delivery of the money, then is it not clear that defendant had money belonging to plaintiff which in justice and good conscience she should return: It seems almost unnecessary to say that the attempted testamentary disposition of the funds would not give defendant title to them. On the other hand, if there was a promise of division made by her at the time she received the money, it is clear that it was not carried out—under such circumstances also plaintiff would be entitled to recover.

We think the error in the case arose in overlooking the gist of cause of action for money had and received, after having determined that this was such an action. Let us quote from *Bunce* v. *Pace*, 61 Utah 74, 210 P. 984, 985, another case submitted to a jury as a cause of action for money had and received, wherein the allegations of the complaint were very similar to those in this

case. In that case a demurrer was filed to the complaint and was overruled. This ruling became one of the assignments of error. In upholding it, this Supreme Court said:

"The action was one in the nature of an action for money had and received by the defendant for the use of plaintiff. If the defendant received the $200 from plaintiff, and the plaintiff received no consideration therefor, as the jury necessarily found, then the defendant cannot, in justice and good conscience, claim the money as his own and withhold it from the plaintiff. The allegations of the complaint are therefore sufficient, both in form and in substance, to support a judgment for money had and received, and hence the court committed no error in overruling the demurrers."

We do not cite this quotation as evidence that the present case was properly considered an action for money had and received; but we cite it to show that to sustain a cause for money had and received it is only necessary to show that defendant obtained money from plaintiff, under such circumstances that in equity and good conscience it should be returned. That being the case, the method by which defendant obtained the money, though it may be some proof of the fact he is not entitled to keep it, is not always conclusive of that fact. In the present case the plaintiff alleged that there was no other consideration for the delivery of the money than the promise to divide it among the nearest relatives, and if the jury's opinion of the case is correct, there was not even that consideration; thus plaintiff's case was strengthened rather than weakened by the lack of such a promise.

The real issue initiated by plaintiff's allegation of the promise to divide the money was that of circumstances which in equity and good conscience would require defendant to return the money. If then there was a variance between pleading and proof, it was not material nor fatal, especially in view of the defense which admitted no other claim to the money than that of gift prior to the death of John Crus.

It is our opinion that the motion for a directed verdict should have been granted.

In view of the fact that plaintiff was entitled to recover in the action upon the theory adopted by the lower court, we see no reason for discussing the merits of plaintiff's other assignments of error which are based upon its theory of the case as a suit in equity.

The judgment of the lower court is reversed, and the case is remanded to the district court of Salt Lake county, with directions to grant a new trial. Appellant to recover costs on appeal.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.