JOHNSON v. SCOTT COUNTY MILLING CO., Inc.

No. 837.

District Court, E. D. Missouri, S. E. D.

Nov. 29, 1937.

William A. Guild, of Nashville, Tenn., for plaintiff D. V. Johnson.

Bailey & Bailey, of Sikeston, Mo., and Finch & Finch, of Cape Girardeau, Mo., for defendant Scott County Milling Co., Inc.

DAVIS, District Judge.

This is an action to recover processing taxes alleged to have been paid by plaintiff. The parties by written stipulation waived a jury. The court makes and adopts the following findings of fact and conclusions of law.

### Findings of Fact.

(1) The court finds that plaintiff is a citizen and resident of Nashville, Tenn., and is and has been for some time engaged in the business of blending and selling flour under the trade name of Tennessee Grain Company, but that he is not and was not a processor within the meaning of the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq.

(2) That the defendant is a Missouri corporation located at Sikeston, Mo., in the Southeastern Division of the Eastern Judicial District of Missouri, where it is and has been for many years engaged in the business of processing wheat, corn, and other products and in the manufacture and sale of flour and other wheat and corn products.

(3) That plaintiff brought suit against the defendant in a petition in 14 counts, seeking to recover from defendant process-

ing taxes which plaintiff alleged it paid the defendant, and that plaintiff, at the conclusion of the evidence, took a voluntary nonsuit on counts 1 to 10, inclusive, and voluntary nonsuit as to a claim for $1,380 for processing taxes alleged to have been paid by plaintiff on 1,000 barrels of flour shipped during the month of April, 1935, and included in count 11 of plaintiff's petition.

(4) That the defendant paid processing tax to the government under the Agricultural Adjustment Act for all wheat processed during the month of April, 1935, and prior thereto, and that all the flour shipped by defendant to plaintiff covered in count 11 of plaintiff's petition and shipped after May 1, 1935, was processed during the month of April, 1935, and the processing tax thereon paid by the defendant to the United States of America. (Transcript, pages 59 and 60.)

(5) That sales of flour made from the defendant to plaintiff were made through a broker located at Nashville, Tenn., and that, where the flour was purchased for immediate shipment or shipment in a short period of time, no written contract was entered into covering said purchase, but that where sale was made for future delivery written contracts were prepared and signed by the defendant and forwarded to the plaintiff for signature.

(6) That no contracts, either oral or written, with respect to processing tax, were entered into between plaintiff and defendant where orders were received for immediate shipment, but that where orders involved future delivery written contracts were entered into with respect to processing taxes. The court finds that, where orders were received for immediate shipment and payment and there was little or no likelihood of any change in the tax situation, the parties did not contract with respect thereto but contracted with respect to processing taxes only where the delivery was to be deferred and the lapse of time between the date of the order and the possible date of delivery was such that there was a possibility of either a decrease or an increase in the amount of the processing tax. (Transcript, pages 73 and 74.)

(7) That on all sales made by the defendant to the plaintiff covered in counts 11, 12, 13, and 14 the flour was billed at a composite price and that no tax item was billed as a separate item, and that any tax included in the composite price was "buried in the price."

(8) That after the adoption of the Agricultural Adjustment Act, excluding contracts made prior thereto that had not yet been filled, the defendant did not add to its cost, plus a reasonable profit, a processing tax of 30 cents a bushel on wheat processed, but that it sold its flour in a competitive market and was compelled to and did absorb a large portion of the added cost resulting from the payment of the processing tax.

(9) That on and after May 1, 1935, when the defendant quit paying processing tax to the United States government, it was selling its flour on a demoralized market resulting from the general assault having been made on the constitutionality of the Agricultural Adjustment Act, and that in fact it did not add to its cost of manufacture processing tax of 30 cents a bushel and that if it had paid said tax after May 1, 1935, any such tax paid would have been wholly absorbed by the defendant.

(10) That the defendant filed with the Department of Internal Revenue its return under the so-called "Windfall Tax Act," 26 U.S.C.A. § 345b—1, and paid the tax levied by the act of Congress against processors who had not paid the full amount of processing tax levied under the Agricultural Adjustment Act prior to the date of its having been declared unconstitutional by the United States Supreme Court.

(11) That a written contract was executed between plaintiff and defendant as to the flour sold covered by counts 12 and 13 of plaintiff's petition, but that no written contract was entered into as to the flour sold under count 14 of plaintiff's petition.

(12) That plaintiff did not show that he himself had not passed the added cost to him on to his customers or that he had already refunded the added cost to him to his customers.

(13) That with respect to the flour sold covered by count 14 of plaintiff's petition there was no contract with respect to processing taxes or any other taxes.

(14) That the flour sold under counts 12 and 13 was sold under written contract which provided for an adjustment of the tax so long as the contract was an executory contract and the order had not been completely filled, by adding any additional taxes to the selling price or by crediting or deducting from the purchase price any decrease or abatement.

(15) That the decision of the Supreme Court invalidating the Agricultural Adjustment Act and the processing tax of 30 cents a bushel on processors of wheat was handed down and became effective long after the flour sold from defendant to plaintiff, covered by counts 11, 12, 13, and 14 of plaintiff's petition, had been delivered and paid for and long after such transactions had been finally completed and said contracts fully executed.

(16) That the plaintiff voluntarily paid the price charged him for the flour purchased from the defendant, with full knowledge of all the facts, and that no fraud or duress was practiced by the defendant in the collection of the purchase price of its flour and that there was no mistake of fact involved in the dealings between plaintiff and defendant.

(17) That defendant is not indebted to plaintiff and that plaintiff is not either legally or equitably entitled to a judgment against the defendant.

### Conclusions of Law.

(1) The plaintiff having failed to make out a case against the defendant under the pleadings and evidence, the court should sustain the demurrers offered by the defendant at the conclusion of all the testimony and declare the law to be that under the pleadings and evidence the plaintiff is not entitled to recover against the defendant on either of counts 11, 12, 13, or 14.

■ (2) The court declares the law to be that, where a product is sold at a specified price and a tax is not levied against the purchaser but against the seller and the tax is "buried in the price," the buyer cannot recover from the seller even though the seller may be relieved from the payment of the tax, which was included as a part of his cost.

■ (3) The court declares the law to be that where, as in the instant case, the alleged tax sought to be recovered was not levied against the buyer or was not billed as a separate item, the tax, although included in defendant's cost, was "buried in the price" and plaintiff cannot recover even though the defendant may have been relieved from the payment thereof because of the unconstitutionality of the act authorizing the levy of the tax.

■ (4) The court declares the law to be that an action for money had and received is governed by equitable principles and that before plaintiff could recover from defendant he must show that he is in equity and good conscience entitled to recover from defendant, and in this case before plaintiff would be entitled to recover it would be necessary for him to allege and prove that he had not passed on to his customers the added cost to him as a result of the enactment of the Agricultural Adjustment Act and the levying of the processing tax, or that he had, prior to the institution of this suit, made refund to all of his customers of the added cost to them resulting from the levying of the processing tax.

■ (5) The court declares the law to be that, where parties have contracted with reference to a tax or the payment thereof, the buyer must recover under the contract and that he cannot recover on the theory of an implied contract.

■ (6) The tax clause contained in the National Millers' Federation standard form contract, which was incorporated in the sales contract covered by counts 12 and 13 of plaintiff's petition, was intended to and did apply only to contracts executory in their nature and which had not been completely filled at the time of any increase or decrease in the processing tax, and that under the provisions of said tax clause the plaintiff would be liable to the defendant only for an increase in processing taxes made prior to the filling of the order in question and that the plaintiff as purchaser would be entitled only to a credit for any decrease or abatement in processing tax made after the date of the order and before the same was completely filled.

■ (7) The court declares the law to be that the so-called "Windfall Tax Act" was passed for the purpose of the government's recovering from the processors taxes not paid under the Agricultural Adjustment Act, and that the Congress of the United States having adopted a policy of the recovery of said unpaid processing taxes for the benefit of the government and having levied a tax for that purpose, and the defendant having made return under said revenue act and paid said tax, defendant is not liable to the plaintiff in this action.

■ (8) The court declares the law to be that, where one voluntarily pays money with full knowledge of all the facts, in the absence of fraud or duress, he cannot recover the same back although mistaken as to the law, and that the plaintiff, having voluntarily paid the purchase price of the

flour purchased from the defendant, cannot recover the same back in this action.

(9) The court declares the law to be that plaintiff is not entitled to recover from defendant under either counts 11, 12, 13, or 14 and that the finding and judgment of the court should be for the defendant on each of said 4 counts and against the plaintiff.

The court refuses to adopt findings of fact and conclusions of law submitted by plaintiff.

The court overrules plaintiff's motion for judgment, but directs that judgment be entered for defendant.

Plaintiff is allowed an exception to all adverse rulings of the court herein made.