Geeen-, Judge,
delivered the opinion of the court:
This is a suit upon two contracts for the recovery of the total amount of $19,565 for supplies furnished to the defendant. These contracts were fully performed and the amounts sued for have been duly allowed by the Comptroller General. The controversy in the case arises by reason of the Comptroller General having credited the amount ■admitted to be due on these two contracts against an alleged indebtedness of a larger amount on account of overpayments *32 claimed to have been made by defendant to plaintiff on certain other contracts.
It appears that during the period when the Agricultural Adjustment Act was in force plaintiff entered into six other contracts with the defendant for the purchase of 4,440,000 pounds of flour at a unit price per pound. The contracts provided that the price set forth therein included “any Federal tax heretofore imposed by the Congress which is applicable to the material purchased under this contract.” The amount of processing taxes thus included in the contract price of the flour under these contracts was $31,257.50. Plaintiff made delivery of the flour and defendant paid plaintiff the full amount of the contract prices. Plaintiff was the processor of the wheat from which the flour was manufactured but did not pay the processing taxes thereon, having obtained an injunction against the collector of internal revenue prohibiting the collection of such taxes. The sole issue in the case is whether under the facts above stated the plaintiff has been overpaid by defendant in the amount of the processing taxes on the flour so sold.
The defendant relies in part on the provision contained in the contracts as follows:
If any sales tax, processing tax, * * * or charges are imposed or changed by the Congress after the date set for the opening of the bid * * *, and are paid to the Government by the contractor * * *, then the prices named in this contract will be increased or decreased accordingly, * * *.
and argues that this language shows that the intent of Congress was that plaintiff should reimburse the defendant in case plaintiff did not pay the tax.
It is also contended that under the contracts the defendant paid the processing tax as part of the consideration and that if it is not permitted to recover the amount so paid, there would be a failure of consideration to that extent.
The question of law involved in the case has a number of times been before the court and the weight of authority is decidedly against the contention of the defendant.
In Continental Baking Co. v. Suckow Milling Co., 101 Fed. (2d) 337, a leading case on the subject, it appeared that *33 the plaintiff bad entered into written contracts for the purchase of flour from the defendant. The plaintiff alleged that it bad paid to tbe defendant $13,326.40 as the amount ■of processing taxes on the wheat that went into the flour purchased and that the item of tax was included in the price named in the contract in addition to the regular price of the flour. The defendant, however, resisted the payment •of the tax and, it having been held invalid, did not pay it. Based on these facts, the plaintiff sued to recover the amount of the processing taxes which was included in the price paid for the flour. The defense was that the processing taxes did not appear as a separate item in the contracts which named only one price and by reason thereof the tax was absorbed in the price paid for the flour. Attention is .also called by the court to the fact that there was no provision for refund in event the processing tax should be annulled.
The opinion of the court in the case above cited considered a large number of cases involving the question of the right of the purchaser to recover the amount of the tax under circumstances similar, or nearly similar, and held in effect that there could be no recovery where the tax was absorbed in the price and was not a separate item thereof.
Among other cases the court cited that of Johnson v. Igleheart Bros., Inc., 95 Fed. (2d) 4, where, the purchaser, as in the case now before us, contended there was an implied promise arising from the contract to refund the taxes which had been included in the purchase price and not paid. Further on in the opinion a large number of cases are cited where relief had been denied on the ground that the tax item was absorbed in a composite price paid by the purchaser. The basis of these decisions was said to be “the theory that where the tax has been absorbed in the price, the purchaser does not pay the tax but merely the price demanded for the goods, and that his rights being based solely on the contract, are controlled by the law of contracts.” The court further stated in effect that the cases cited show tax absorption when “there is only one price shown on the contract [and] there is no separate invoicing ■of the tax.” Accordingly the Circuit Court of Appeals in *34 the Continental Baking Co. case, supra, dismissed the action of the plaintiff stating, among other things, as a reason-for its decision that—
The contract does not contain any provision for the-refund of any part of the purchase price in the event the processing tax should be annulled,
and that
plaintiff did not pay two separate funds to the defendant, namely, a fund for the flour and fund for the tax,, but on the contrary, * * * there was but one price-named in each of the contracts.
It will be observed that the same condition existed im the case at bar.
Counsel for defendant call attention to the clause in the-contracts under consideration which provides that prices named in each contract will be increased or decreased if' the processing tax is “changed by the Congress after the* date set for the opening of the bid * * * and are [is], paid to the Government by the contractor,” and argue that this provision implies a promise on the part of the contractor to reimburse the Government where the taxes were-included in the purchase price but not paid by the contractor.
We have not observed any case in which the contract; involved contained a provision exactly similar to the one-under consideration in the case before us. There are, however, several cases holding that the terms of the contract which state the conditions under which the price may be-increased or diminished provide no basis for an implication that the tax would be reimbursed under other and different circumstances. Among these cases are Continental Baking Co., supra; Johnson v. Igleheart Bros., supra; and O'Connor-Bills, Inc., v. Washburn Crosby Co., 20 Fed. Supp. 460.
It is also argued on behalf of the defendant that by. reason of plaintiff having failed to pay the processing taxes-involved in the six completed contracts there was a want of consideration for the payments made thereon to that, extent, and that the plaintiff having been paid in full, the-Comptroller General rightfully held that there had been. an. *35 overpayment upon which the amount due on the contracts on which plaintiff brought suit could be credited. But this, contention is negatived by the authorities which hold that where there is but one price fixed by the contract and no separation of the tax, the tax has been absorbed in the price and that the purchaser merely pays the price demanded for the goods. In such cases there can be no implication outside of the terms of the contract. It should be kept in mind in this connection that the contracts upon which suit was brought contained no provision that the amount of the tax should be refunded to the defendant in event the tax was held unconstitutional or invalid, or for any other reason was not paid by the plaintiff. The grounds for any change in the price were stated clearly and without ambiguity, leaving nothing to be inferred or implied. While some verbal differences may be found in the terms of the contracts involved in the cases cited to support plaintiff’s contentions,, these differences do not affect the principle laid down therein or the rules which determine defendant’s right to recover.
The only case to which our attention has been called as laying down a different rule from what has been stated above is that of Cream of Wheat Corp. v. Moundridge Milling Co., 24 Fed. Supp. 998, and this was reversed on appeal in Moundridge Milling Co. v. Cream of Wheat Corp., 105 Fed. (2d) 366. The opinion delivered by the circuit court is in line with the other cases we have cited and, although the contract provided that a decrease or abatement in taxes-should be deducted from the contract price, the seller was not required to refund taxes which were adjudged to be unconstitutional.
It seems to be considered by the attorneys for the defendant that the fact that the Government was a party to the contracts in suit makes the rule we have laid down above inapplicable, and as a basis for the argument made by defendant it is said that in private contracts it is immaterial to the vendee whether the taxes are paid or not. With this statement we do not agree. In all of the cases which we have cited the foundation on which the action was laid was that the tax had not been paid. In our opinion, the fact. *36 that the defendant in the case at bar would have received the tax if it had been paid is entirely immaterial.
Our conclusion is that there was in fact no overpayment made by defendant in the settlement of the six flour contracts. The Comptroller General therefore had no right to apply the amount due on the two contracts upon which suit was brought on the alleged indebtedness. Judgment will be rendered in favor of the plaintiff as prayed in the petition.
Whitaker, Judge; Williams, Judge; LittletoN, Judge; -and Whaley, Chief Justice, concur.