Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff entered into a contract with the defendant through the Director of Procurement, Treasury Department, for the construction of a Post Office Building at Red Lion, Pennsylvania, on April 25, 1935. The specifications, which were a part of the contract, provided that the plaintiff was to pay the prevailing rates of wages in the locality. Prior to commencing work representatives of the plaintiff and the defendant made a survey of York County, Pennsylvania, in which the Post Office was to be located, and ascertained and *265 determined the prevailing rates of wages to be applicable to the project and posted these rates. Later on a dispute arose as to the proper rates of wages to be paid and the contracting officer, not being able to adjust the same, referred the dispute to the Secretary of Labor who, after a hearing, made a decision that the prevailing rates were correct except as to the bricklayers, which rate should be increased to seventy-five cents an hour. From that time plaintiff paid the bricklayers the wages as fixed by the Secretary of Labor.
Under the act of Congress approved August 30, 1935 (U. S. C. A. Title 40; Section 276a-1, Supp. II; 49 Stat. 1011, 1012.), it was provided as follows:
* * * in the event it is found by the contracting officer that any laborer or mechanic employed by the contractor or any subcontractor directly on the site of the work covered by the contract has been or is being paid a rate of wages less than the rate of wages required by the contract to be paid as aforesaid, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to which there has been a failure to pay said required wages and to prosecute the work to completion by contract or otherwise * * *
The defendant did not cancel the contract. Plaintiff completed the contract, complying with the decision of the Secretary of Labor from the time it was rendered. After the contract was completed the Comptroller General arbitrarily deducted from the final statement $766.05 on the ground the plaintiff could not benefit by his own wrongful act. There is no provision in the law nor is there a provision in plaintiff’s contract permitting a deduction from the contract price by reason of failure to pay the prevailing wages in a locality.
The action of the Comptroller General was unwarranted. Plaintiff is entitled to recover the sum of $766.05. It is so ordered.
Williams, Judge/ LittletoN, Judge; and GreeN, Judge, concur.
WhitaKek, Judge, took no part in the decision of this case.