Littleton, Judge,
delivered the opinion of the court:
Before plaintiff was required to commence work under its contract of April 30, 1935, the National Industrial Re *43 covery Act was held invalid on May 27, 1935, in Schechter v. United States, 295 U. S. 495. Senate Joint Resolution #113, approved June 14, 1935, repealed the law relating to the codes, and on June 15 the President of the United States issued Executive Order 7076 forbidding “any person or agency acting under authority conferred by the President to approve or prescribe codes * * * or to provide for the enforcement of such codes.” Plaintiff commenced work under the contract on June 17,1935, and completed the same, acceptable to defendant, on November 4, 1936. There was no provision in the contract or specifications authorizing any reduction from the lump-sum contract price of $253,920 for failure to pay the minimum code wages or the prevailing wages in the locality. The only penalty provided in the contract for failure to comply with such code, made and issued under the National Industrial Recovery Act, or to pay the prevailing wages, was that the United States should have the right to cancel the contract and make open market purchases or have the work called for performed at the expense of the contractor. No attempt was made or right claimed to cancel the contract because plaintiff, after it commenced work, paid the prevailing rate of wages rather than the invalidated code rate. Plaintiff is entitled to recover. Hood & Gross v. United States, 90 C. Cls. 258. In that case, which involved the failure of the contractor to pay the prevailing wage rate for certain employees during a portion of the time in performance of the contract, the court said:
The defendant did not cancel the contract. Plaintiff completed the contract, complying with the decision of the Secretary of Labor from the time it was rendered. After the contract was completed the Comptroller General arbitrarily deducted from the final statement $766.05 on the ground the plaintiff could not benefit by his own wrongful act. There is no provision in the law nor is there a provision in plaintiff’s contract permitting a deduction from the contract price by reason of failure to pay the prevailing wages in a locality.
The action of the Comptroller General was unwarranted.
*44 See also Johnson v. Igleheart Bros., Inc., 95 Fed. (2d) 4; Continental Baking Co. v. Suckcow Milling Co., 101 Fed. (2d.) 337; The Ismert-Hincke Milling Company v. United States, 90 C. Cls. 27; Whitbeck, Receiver, v. United States, 77 C. Cls. 309, 333, 334, 336; 290.U. S. 671.
Judgment will be entered in favor of plaintiff for $11,-4,82.49. It is so ordered.
Green, -Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge,, took no part in the decision of this case.