## UNITED STATES v. HAGAN & CUSHING CO.

### No. 9459.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1940.

HEALY, Circuit Judge, dissenting.

See, also, 29 F.Supp. 564.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., and John A. Carver, U. S. Atty., of Boise, Idaho, for appellant.

Maurice H. Greene, of Boise, Idaho, and J. H. Felton, of Moscow, Idaho, for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Judgment was entered in favor of appellee on a directed verdict in an action brought by appellant to recover alleged

---

through the casing and upwardly out of said drill stem.

overpayments of prices stipulated in contracts between the parties.

The Agricultural Adjustment Act (Act of May 12, 1933, Ch. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq.) imposed a processing tax upon pork and pork products effective November 5, 1933. Appellee, by twelve contracts entered into with appellant between April 22, 1935 and November 20, 1935, agreed to furnish certain supplies, including pork and pork products, to agencies of the United States. Each of the contracts contained the following provisions:

"Prices bid herein include any Federal Tax heretofore imposed by Congress which is applicable to the materials on this bid. If any sales tax, processing tax, adjustment charge, or other taxes or charges are imposed or changed by Congress after the date set for the opening of this bid and made applicable directly upon the production, manufacture or sale of the supplies covered by this bid, and are paid by the Contractor on the articles or supplies herein contracted for, then the prices named in this bid will be increased or decreased accordingly and any amount due .the Contractor as a result of such change will be charged to the Government and entered on vouchers (or invoices) as separate items."

None of the contracts contained a provision to the effect that appellee would pay appellant any amount in the event that the processing taxes were held unconstitutional. The prices specified in the contracts were composite and contained no segregation as to what they included.

Appellee did not pay the processing taxes imposed by the Agricultural Adjustment Act for the month of April, 1935, or for any subsequent month. On June 13, 1939, this action against appellee was commenced to recover an amount equal to the processing taxes which the Agricultural Adjustment Act imposed on the pork and pork products covered by the contracts, on the theory that appellee had been overpaid by the amount of such taxes. Appellant alleged that each of the contracts contained a provision that "prices bid herein include any Federal Tax heretofore imposed by the Congress which is applicable to the material on this bid"; that appellant had paid the full amounts called for by the contracts "which included amounts for which defendant was liable under the supposed authority of the Agricultural Adjustment Act for processing taxes

levied by that Act on the products furnished" by appellee to appellant; and that appellee had not paid such processing taxes for the month of April, 1935, and subsequent months.

Appellee denied the allegation that the amounts paid by appellant under the contracts included the amount of taxes imposed by the Agricultural Adjustment Act. At the close of appellant's evidence, the only evidence to prove the disputed allegation of the complaint was the above-quoted provision found in each of the contracts. Appellee thereupon moved for a directed verdict which was granted on the ground that such contractual provisions were not evidence to prove the disputed allegations. From the judgment entered on the directed verdict, this appeal was taken.

Appellant contends that the Agricultural Adjustment Act was not declared unconstitutional until after the contracts were entered into, and therefore processing taxes were included in the contract prices. Appellee contends that an unconstitutional statute is never effective, and since no tax was actually levied under the unconstitutional act (because the taxing provisions were void), the statements in the contracts that the prices included "any Federal Tax heretofore imposed by Congress" cannot be construed to include taxes not actually levied. Whatever may be said for these contentions, we think the language of the contract has been too narrowly construed.

The contract provides that the prices "bid herein include any Federal Tax heretofore imposed by Congress which is applicable to the materials on this bid". The next sentence specifically mentions "processing tax". We think "imposed" as used in the contract is used in the sense of "set forth" by Congress. In other words, the parties had no intention of disputing or deciding the constitutionality of any act of Congress, but simply intended to say that the bids included the amounts specified or set forth by Congress in any statute, whether valid or invalid.

However, it does not follow that because appellee has received the amount equal to that set forth in the Agricultural Adjustment Act, recovery should be granted as a matter of course. Appellant must have a cause of action and a remedy therefor before recovery can be had. While some equitable remedy[1] such as one for unjust

[1] Compare: Cohen v. Swift & Co., 7 Cir., 95 F.2d 131; Continental Baking Co. v. Suckow Milling Co., 7 Cir., 101 F.2d 337; Moundridge Milling Co. v.

enrichment might be available, it clearly has not been invoked. Likewise, the theory that appellant is entitled to recover for a false representation that appellee would pay the processing taxes is not borne out by either the pleadings or the proof. The remaining remedy is one on contract, express or implied.

Since there was an express contract between the parties it must be taken as containing the entire agreement, and therefore an implied contract cannot be raised. Johnson v. Igleheart Bros., 7 Cir., 95 F.2d 4, 8 et seq. Appellant contends that it "cannot be bound by the illegal acts of its officers in paying out its moneys, and money paid out erroneously or without authority of law can be recovered from the recipient in an action for money had and received". That principle is inapplicable here. The officer paid the amounts called for by the contracts— neither more nor less. There was nothing illegal or erroneous in paying what the government promised to pay.

Finally, we think it clear that there was no remedy on an express contract. The second sentence of the provisions of the contracts quoted above, provides in part: "If any * * * processing tax * * * [is] imposed or changed by Congress * * * and [is] paid by the Contractor * * * then the prices named in this bid will be increased or decreased accordingly * * *". While a reasonable argument could be made to the effect that the words "by Congress" meant "by act of Congress judicially construed", it would be of no avail here, because the prices named in the bid were to be increased or decreased only if the taxes changed were "paid by the Contractor". It is admitted here that the taxes were not paid by appellee.

### WILBUR, Circuit Judge.

I concur in the judgment of affirmance, but on a different ground from that stated in the main opinion. An unconstitutional statute enacted by Congress does not impose a federal tax. The provision in the contract quoted in the main opinion that "prices bid herein include any Federal Tax heretofore imposed by Congress which is applicable to the materials on this bid" does not require the contractor to pay a purported tax

imposed by a statute which is void because unconstitutional.

There was no allegation nor evidence in the record that the appellee agreed to pay the unconstitutional processing tax and if it be conceded that a specific agreement to pay a specific tax whether constitutional or unconstitutional would justify recovery we have no such case before us.

### HEALY, Circuit Judge (dissenting).

The action is not on express contract but is for money had and received. It is elementary that in such actions, as in all those in general assumpsit, equitable principles govern. The action will lie upon a promise implied in law where necessary to prevent one person from being inequitably enriched at the expense of another.[1] Such, in general, I understand to be the theory of this suit.

The complaint alleges that between April 22, 1935 and November 20, 1935 defendant entered into contracts with the United States in which it undertook to deliver to governmental agencies pork products at prices fixed by bids submitted by defendant and accepted by the government. Each contract, the complaint avers, included the following provision: "Prices bid herein include any federal tax heretofore imposed by the Congress which is applicable to the material on this bid."

It is alleged that, prior to the date set for opening the bids, the rates of processing tax imposed upon the products had been fixed by the Secretary of Agriculture under the supposed authority of the Agricultural Adjustment Act of May 12, 1933. Defendant delivered the supplies pursuant to the contracts and plaintiff paid the full prices bid, which included processing taxes for which defendant was liable under the supposed authority of the act. The complaint sets out a list of the contracts and the amount of processing tax included in the price paid under each contract. Defendant did not pay any of these processing taxes, and has declined to repay the government any part of the amounts received. It is then alleged that by reason of the foregoing defendant is indebted to the plaintiff in the sum of $2,284.68—the total amount of processing taxes said to have been included in the prices bid. Judgment is prayed for this sum.

---

Cream of Wheat Corp., 10 Cir., 105 F.2d 366.

[1] See 7 C.J.S., Action of Assumpsit, §§ 4, 9c; Restatement Law of Restitution, §§ 5, 48.

On the trial the government made proof of the matters alleged, except that, otherwise than as shown by the contracts themselves, no specific evidence was offered that appellee had included the processing tax in its bids. There was further proof that the Comptroller General had examined and settled the claims of the government as prescribed by § 305 of the Budget and Accounting Act of 1921 (ch. 18, 42 Stat. 20, 24, 31 U.S.C.A. § 71).

At the close of the government's case appellee moved for a directed verdict on the sole ground that there was no evidence in support of the allegation—denied in the answer—that the amount of the processing tax had actually been included in the prices bid. This motion the court sustained.

I think the motion was not well taken. The quoted provision of the contracts raised at least an inference of the inclusion of these taxes. Perhaps in the peculiar circumstances of this case appellee should be permitted to show, if it can, that they were not in fact included. But be that as it may, I think the government made out a prima facie case on this controverted point.

Presumably appellee declined to pay the processing tax because of the assault upon its validity then being waged in the courts. It does not appear whether appellee had enjoined collection, as many other processors were doing at the time. In the Hoosac Mills case the District Court (Franklin Process Co. v. Hoosac Mills Corp., 8 F. Supp. 552) had on October 19, 1934 held the tax valid. Its decision was reversed by the Circuit Court of Appeals of the First Circuit on July 13, 1935. Butler v. United States, 78 F.2d 1. The invalidity of the tax was finally determined by the Supreme Court in its opinion in that case handed down January 6, 1936. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The contracts made no provision for this eventuality, hence are not controlling. The clause relating to adjustments to reflect future legislative increase or decrease in federal taxes would seem to have been intended as a means of protecting the seller's margin of profit. The fundamental question here is whether the government is entitled to recover back that part of the bid

price which was plainly intended to compensate the seller for the federal tax, legal liability for which was ultimately removed by judicial decision. Wayne County Produce Co., Inc. v. Duffy-Mott Co., Inc., 244 N.Y. 351, 155 N.E. 669.

The view has been taken, on the supposed authority of the Duffy-Mott case, supra, that the inclusion of the tax in a composite price is fatal to recovery.[2] Here, the amount of the tax was not segregated in the bids nor set out as a separate item in the contracts. In this sense the price bid was a composite thing. But I am unable to see the logic of holding that this fact alone should be held to nullify the right of restitution where the buyer is otherwise thought entitled to restitution. The tax was not on the sale, but on the processor whether he sold or not. Where, as in this instance, the amount of the super-added tax is subject to exact ascertainment by mere mathematical computation, the fact that it is not set up as a separate item ought not of itself be an insuperable bar to recovery. More, the contracts treat the processing tax as an item which was to be segregated in certain contingencies. They provide that, in the event of a change or new imposition, "the prices named in this bid will be increased or decreased accordingly."

In similar suits between private parties, where recovery was denied, it has usually appeared that there was neither allegation nor proof that the buyer had not passed the tax on to his customers; and in some of these cases this circumstance was made a ground for the denial of the right to recover. G. S. Johnson Co. v. N. Sauer Miller Co., 148 Kan. 861, 84 P.2d 934; Moundridge Milling Co. v. Cream of Wheat Corp., 10 Cir., 105 F.2d 366; Cohen v. Swift & Co., 7 Cir., 95 F.2d 131; Johnson v. Igleheart Bros., 7 Cir., 95 F.2d 4. The holding is necessarily correct, since in order to obtain restitution it must appear, not only that there was an unjust enrichment of one party, but that there was a corresponding loss to the other.[3] But here the government has presumptively sustained a loss equivalent to the excess amount paid the seller. The United States did not acquire these products as a commercial venture, but for use in governmental operations or for relief purposes.

---

[2] Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, is frequently cited as authority for this proposition. But that case involved merely the construction of a statute imposing a sales tax.

[3] Restatement, Restitution § 1.

Invoices on deliveries were submitted monthly and the amounts appear to have been paid prior to the Supreme Court decision holding the taxing act invalid. Hence, the excess payments should be deemed to have been made under mistake of law. The rule sometimes applied that money paid under mistake of law cannot be recovered is not applicable to payments by public officers of the United States. Wisconsin, etc., Ry. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; Badeau v. United States, 130 U.S. 439, 9 S.Ct. 579, 32 L.Ed. 997.

I think the government made a prima facie showing of the possession by appellee of a sum of money which in good conscience appellee is not entitled to keep.