## UNITED STATES v. AMERICAN PACKING & PROVISION CO.
### No. 2241.

Circuit Court of Appeals, Tenth Circuit.

Aug. 20, 1941.

Writ of Certiorari Denied Dec. 8, 1941.

See 62 S.Ct. 364, 86 L.Ed. ——.

Edward H. Horton, Sp. Asst. to the Atty. Gen. (Dan B. Shields, U. S. Atty., and Scott M. Matheson and John S. Boyden, Asst. U. S. Attys., all of Salt Lake City, Utah, Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for appellant.

Neil R. Olmstead, of Ogden, Utah (J. H. DeVine, J. A. Howell, and David L. Stine, all of Ogden, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The American Packing and Provision Company, hereinafter called vendor, is a first domestic processor of meat and poultry products at Ogden, Utah.

On September 13, 1939, the vendor, as the successful bidder entered into a contract with the United States Government, hereinafter called Government, to furnish certain of its products to governmental agencies. The contract was fulfilled and the purchase price in the sum of $3,708.41 was submitted for payment. The Government, through the General Accounting Office, § 305 of the Budget and Accounting Act of 1921, Ch. 18, 42 Stat. 20, 24, 31 U. S.C.A. § 71, deducted from the contract purchase price the sum of $2,931.14, which it claimed had been paid to the vendor as processing taxes imposed by the Agricultural Adjustment Act, Act of May 12, 1933, Ch. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., on products covered by eighteen contracts previously awarded vendor, and which taxes the vendor had not paid.

The Government tendered the vendor the sum of $771.27, which represented the contract price less the amount of the taxes. The vendor refused the tendered amount and sued for the entire amount of the contract. The Government answered, claiming a deduction of the taxes as an equitable set-off. The trial court gave the vendor judgment for the entire amount of the contract, and the Government has appealed.

The decisive question is the right of the Government to set-off the amount of processing taxes imposed by the Agricultural Adjustment Act, supra, which was expressly included in the composite contract price for supplies furnished by vendor, but which vendor did not pay because of the unconstitutionality of the Act imposing the tax. See United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The eighteen contracts, aforesaid, were entered into between April 16, and Decem-

ber 18, 1935. The supplies covered thereby were delivered to, and accepted by, the Government, and the full contract price voluntarily paid, between April, 1935, and January 19, 1936.

Each of the eighteen contracts contained what is commonly known as the "Federal Tax Clause." Although all of the tax clauses are not identical in form and composition, the variations contained therein are immaterial to our consideration of the question presented.[1] In substance they all provide that the bid price is a composite price and includes all taxes applicable to the materials and supplies furnished under the contract, with the further proviso that any additional tax imposed after the opening of the bids would be added to the purchase price, and paid by the Government as a separate item. Some of the contracts contained a provision that any change in the existing taxes, applicable to and paid by the vendor would increase or decrease the purchase price accordingly; if changed upward, the increase was to be paid by the Government as a separate item.

Prior to the date of the execution of the contracts the Secretary of Agriculture, acting under authority of the Agricultural Adjustment Act, supra, imposed a processing tax on the vendor as the first domestic processor of the products covered by the contracts in question.

It is agreed that the aggregate amount of the tax made applicable to, and imposed upon, the commodities covered by the eighteen contracts by the Secretary of Agriculture, under authority of the Agricultural Adjustment Act, is $2,931.14.

The vendor did not pay any of the tax, but on March 31, 1935, in a suit in the District Court of Utah enjoined the Collector of Internal Revenue from the collection of any tax imposed by the Agricultural Adjustment Act. His contentions were sustained on January 6, 1936, in United States v. Butler, supra.

The Government contends that by the terms of the bid and contract, the tax imposed by the Agricultural Adjustment Act was included in the composite bid price and paid by the Government in satisfaction of the contracts; that since the vendor did not pay the tax, included in the composite bid price, the vendor is indebted to the Government for the amount of the processing tax and the Government is entitled to recoup the same by a set-off against the contract of September 13, 1939.

The vendor contends for the well established general rule that as between private parties, refund of an unconstitutional or invalid tax is denied when the suit to recover is based upon a contract providing for an increase or decrease in the purchase price, depending upon a corresponding increase or decrease in an existing tax or the imposition of a new tax after the bid or purchase contract. Moundridge Milling Co. v. Cream of Wheat Corporation, 10 Cir., 105 F.2d 366; Continental Baking Co. v. Suckow Milling Co., 7 Cir., 101 F.2d 337; Johnson v. Igleheart Bros., 7 Cir., 95 F.2d 4, certiorari denied, 304 U.S. 585, 58 S.Ct. 1058, 82 L.Ed. 1546; Casey Jones v. Texas Textile Mills, Inc., 5 Cir., 87 F.2d 454; Golding Bros. Co. v. Dumaine, 1 Cir., 93 F.2d 162, 115 A.L.R. 664; O'Connor-Bills, Inc. v. Washburn Crosby Co., D.C., 20 F.Supp. 460; G. S. Johnson Co. v. N. Sauer Milling Co., 148 Kan. 861, 84 P.2d 934; Johnson v. Scott County Milling Co., Inc., D.C., 21 F.Supp. 847. See, also, Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, and cases cited in Annotation 115 A.L.R. 667.

By the same authority it is established that a refund of an unconstitutional or invalid tax will be denied if the tax, refund of which is sought, is "buried" or "absorbed" in the composite bid price; is not definitely ascertainable, or the buyer fails to show that it bore the burden of its payment.

It has also been held that a buyer may not recover in equity taxes paid and subsequently invalidated on the theory that the taxes were paid under a mistake of law. Heckman & Co., Inc. v. I. S. Dawes & Son Co., Inc., 56 App.D.C. 213, 12 F.2d 154 and Cohen v. Swift & Co., 7 Cir., 95 F.2d 131, certiorari denied, 304 U.S. 561, 58 S.Ct. 943, 82 L.Ed. 1528.

In the Moundridge Milling Company case, supra, the buyer, who had paid the taxes, sued on a contract providing for

---

[1] Contracts identified in the record as 10 and 11 did not specifically provide that the bid price included all applicable taxes, but they provided for an increase or decrease in the purchase price in conformity with taxes made applicable after the opening of the bids, and they will be treated similarly here.

a refund of taxes if they were increased, decreased, or abated,[2] after the execution of the contract. The contract was a Kansas contract and this court followed the rule announced in G. S. Johnson Co. v. N. Sauer Milling Co., supra, which denied the buyer relief in law or in equity because, (1) the buyer sued on the contract, which did not cover or touch the unconstitutional contingency and was, therefore, not entitled to relief on a contract express or implied; (2) it was not alleged, or proved, that the buyer had borne the burden of the tax and, therefore, had no standing in equity. G. S. Johnson Co. v. N. Sauer Milling Co., supra, followed Johnson v. Igleheart Bros., supra; Heckman & Co., Inc. v. I. S. Dawes & Son Co., Inc., supra; O'Connor-Bills, Inc. v. Washburn Crosby Co., supra, and other cases cited in the annotation at 115 A.L.R. 667. These cases represent variations of the general rule but they are bottomed on the oft quoted statement found in Wayne County Produce Co. v. Duffy-Mott Co., 244 N.Y. 351, 155 N.E. 669, in which Justice Cardozo, then Chief Justice of the Court of Appeals of New York, said: " * * * This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller * * *." See, also, Continental Baking Co. v. Suckow Milling Co., supra.

In this connection it is interesting to note that Wayne County Produce Co. v. Duffy-Mott Co., supra, expressly repudiated the reasoning in Heckman & Co. v. I. S. Dawes & Son Co., Inc., supra, and Kastner v. Duffy-Mott Co., 125 Misc. 886, 213 N.Y.S. 128. The court thought these cases had their "origin * * * in a misconception of the contract." Justice Cardozo significantly stated: " * * * This is a case where the promise of the buyer is to pay a stated price, and to put the seller in funds for the payment of a tax besides. In such a case the failure of the tax reduces to an equivalent extent the obligation of the promise. The form of the transaction was not thoughtless or accidental. It was deliberate and purposed. * * *" The court allowed recovery of the amount of the tax, based on equity.

From the reasoning in Wayne County Produce Co. v. Duffy-Mott Co. courts have generally adopted the view that if the tax is included in the purchase price and not treated as a separate item, it is considered as "buried" or "absorbed" and, therefore, beyond the reach of the buyer in the absence of a specific agreement providing for a refund in the event of the invalidity of the tax. It should be noted, also, that the case of Lash's Products Co. v. United States, supra, frequently cited in support of this rule, did not involve any right between buyer and seller, but was based upon a special regulation by the Commissioner of Internal Revenue, requiring that the tax be billed as a separate item.

With exceptions hereinafter noted, we think the form of the transaction between the parties here, as reflected by the facts and pleadings, take this case well outside the rule which denies recovery to the buyer, based on contract or equitable principles. In our view this case falls within the rationale of Wayne County Produce Co. v. Duffy-Mott Co., supra, which granted recovery on equitable principles.

From the Government's viewpoint the taxes imposed by the Agricultural Adjustment Act were valid, subsisting and applicable when the bids were made and the contracts entered into. Their payment by the Government to the vendor and by the vendor to the Government was clearly and manifestly contemplated by the parties. The clauses are ample evidence of the intention of the parties to bid and contract for a price which would include a margin of profit, plus applicable taxes. Cf. Continental Baking Co. v. Suckow Milling Co., supra. They are prima facie evidence that the purchase price, fixed by the contract, did include the applicable processing taxes. It is true that the vendor enjoined the collection of the tax before any of the contracts were awarded, but in the absence of proof to the contrary it will be presumed that the vendor included the tax in calculating his margin of profit. If that be true, his margin of profit was increased by the amount of the applicable taxes. The amount of the taxes were definite and ascertainable. They were not "buried" or "absorbed" in the sense that the burden of their payment could not be fixed with sufficient definiteness. Consequently, the Government put the vendor in funds for the payment of a tax, exclusive of his margin of profit, and the ven-

---

[2] In the opinion the court observed that the word "abate" found in the contract, sued upon, was not used in its constitutional sense.

dor enjoyed a profit and the Government suffered a detriment not contemplated by the agreement.

There is nothing in the contracts which has reference to the unconstitutionality of the tax, or the annulment of the tax. The so-called "up and down" or the "increase and decrease" clauses have no relevancy to the unconstitutionality of the tax. It may be conceded that if the right of the Government to recover is dependent upon the contracts between the parties, it must fail. The contracts are evidence only of the fact that the Government paid the amount of the processing tax to the vendor on the legal assumption that the money would be returned to the Government in the form of taxes. Indeed, the Government did not plead the contracts between the parties as a basis for its right to recovery, and therein lies the distinction between the rule announced in some of the adjudicated cases and relied upon by the vendor.

Here, the Government asserts an equitable set-off as a defense to a suit upon a contract. Its right to assert the remedy under Federal Procedure and the law of the state of Utah is fundamental. Rules of Civil Procedure, Rule 8(e) (2), 28 U.S. C.A. following section 723c, Compiled Statutes of Utah, 1917, Section 6579. The right of the Government to recover is dependent upon equitable principles and it is sufficient to sustain a cause for money had and received to show that the vendor obtained money from the Government under such circumstances that in equity and good conscience it should be returned. Helper State Bank v. Crus, 90 Utah 207, 61 P.2d 318; Bunce v. Pace, 61 Utah 74, 210 P. 984, and Restatement of the Law of Restitution, Section 1, subsection C.

It is immaterial whether the taxes were paid under mistake of law or fact. Wayne County Produce Co. v. Duffy-Mott Co., supra; Wisconsin, etc., Ry. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; Badeau v. United States, 130 U.S. 439, 9 S.Ct. 579, 32 L.Ed. 997.

We hold that under the facts here, the Government put the vendor in funds for the payment of a tax, exclusive of the purchase price, calculated by the vendor and which the vendor did not pay, as contemplated by the parties. As a consequence, the vendor received a benefit from the Government, which in justice and good conscience should be returned. The Government having pleaded the same as an equitable set-off, it is entitled to recover against the contract sued upon.

We are aware that the conclusion reached here is not in conformity with the majority view in United States v. Hagan-Cushing Co., 9 Cir., 115 F.2d 849, which denied relief to the Government because in the majority's view, the Government did not invoke an equitable remedy as a defense to a contract containing similar terms and provisions. There the right of the Government to recover was made to depend upon the pleadings and proof. While we adhere to the views expressed in the dissent, we recognize some distinction in the light of the pleadings, as they were cast in the respective cases: The dissent expressed the view that the provisions in the tax clause were prima facie evidence that the taxes were included in the purchase price and inasmuch as they were not paid by the vendor, as contemplated, the Government was entitled to recover the same.

We are, also, aware that our reasoning and conclusion is inconsistent with the reasoning and conclusion in Ismert-Hincke Milling Co. v. United States, 90 Ct.Cl. 27; and Kansas City Flour Mills Corporation v. United States, 92 Ct.Cl. 390, certiorari granted, May 12, 1941, 61 S.Ct. 1085, 85 L.Ed. ——, which in our opinion did not recognize the distinction which we have pointed out between the general rule urged and the conclusion reached here.

The judgment of the lower court is reversed and the cause remanded with directions to enter judgment for the appellee in the sum of $771.27.